John W. Mulholland *v.* Wood, Brown & Co. and Henry S. Grove, Garnishee and Appellant.

*Wages—Preference—Traveling salesman—Act of May* 12, 1891.

A person employed to sell goods, paying his own expenses and receiving house and road commissions, is a traveling salesman, and not a " clerk employed in a store or elsewhere," within the meaning of the act of May 12, 1891, P. L. 54, giving a preference for wages.

Argued Jan. 23, 1895.   Appeal, No. 210, July T., 1894, by Henry S. Grove, from order of C. P. No. 3, Phila. Co., June T., 1894, No. 345, making absolute a rule for judgment against

garnishee.   Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Attachment execution.

From the record it appeared that Wood, Brown & Co. employed plaintiff and other traveling salesmen under the form of written contract set forth in the judgment note which was entered in this case, and of which the following is a copy :

"$50.03                    PHILADELPHIA, May 21st, 1894.

" We hereby acknowledge ourselves to be indebted to John W. Mulholland in the sum of Fifty $\frac{3}{100}$ Dollars for labor and services rendered by him in our business during the month of March, 1894, under a certain agreement of which the following is a copy, viz. :—

" I, J. W. Mulholland, hereby engage with Mess. Wood, Brown & Co. of Phila., to sell goods giving my entire time and attention to their interests, and being at all times subject to the rules and regulations of the house on the following terms for the year 1893.   House and Road Commission on all approved sales, I paying all my own expenses.
                    (Signed)        " J. W. MULHOLLAND."
" Dec. 10, '92.

Which said agreement was renewed and continued for the year of 1894.   And we do hereby authorize any attorney of any court of record in Pennsylvania to appear for and to enter judgment against us for the above sum.

" Witness our hands and seals the day and year first above written.
                    " WOOD, BROWN & CO.   [SEAL]
     " Witness :
" JAMES A. CAMPBELL."

Wood, Brown & Co., having failed, made a general assignment of their property to Henry S. Grove in trust for their creditors without preference in March, 1894, and the only property of the firm which the assignee received has been under this assignment.   The judgment note was given in this form and the attachment issued to test the question whether the plaintiff was entitled to receive his unpaid commissions as traveling salesman of Wood, Brown & Co. under his contract out of the assigned trust estate in the garnishee's hands, under the

attachment by virtue of the act of assembly of May 12, 1891, P. L. 54.

The court made absolute a rule for judgment against the garnishee.

*Error assigned* was above order.

   *Geo. L. Crawford* of *Crawford & Loughlin, John G. Johnson* with him, for appellant.—In the United States a clerk may be defined as an assistant in business, whether or not a keeper of accounts, especially a retail salesman ; and the original meaning of the word " clerk " of scholar and writer, shows that the word " clerk " in the act does not cover an employment of the character of a traveling salesman of a wholesale dry-goods house : Witmer v. Miller, 3 Dist. Repts. 239.

*Kinley J. Tener,* for appellee.—The fact that appellee was to be compensated for his services by commissions is immaterial. The act prefers wages or salary " whether at so much per diem or otherwise." And it is well known that in most large mercantile establishments even retail salesmen are now paid, in part at least, by a percentage on their sales.

In the case of Hamberger v. Marcus, 157 Pa. 133, it was decided that the commissions of a traveling salesman are wages or salary, and not subject to attachment.

The latest definition (Century) of the word " clerk," quoted by appellant and which, doubtless, best expresses its present meaning, viz : " In the United States an assistant in business, whether or not a keeper of accounts, especially a retail salesman," is broad enough to include the appellee.

Witmer v. Miller, the common pleas case cited by appellant, it is submitted is not an authority against a claim based on the special agreement in the present case.

Opinion by Mr. Justice Fell, March 4, 1895 :

The proceedings in this case were designed to raise the single question whether certain creditors of Wood, Brown & Co. are entitled under the provisions of the act of May 12, 1891, to a preference for the amounts due them for wages. The garnishee is the assignee of the defendants for the benefit of their credit-

ors, but as a decision of the question raised is desired by all parties in interest no objection has been made to the manner in which the plaintiff attempted to enforce the right claimed. The contract on which the claim is based is in writing as follows : " I, J. W. Mulholland, hereby engage with Mess. Wood, Brown & Co., of Phila., to sell goods giving my entire time and attention to their interests, and being at all times subject to the rules and regulations of the house on the following terms for the year 1893. House and road commission on all approved sales, I paying my own expenses. " J. W. MULHOLLAND."

The part of the act to be considered provides : " All moneys that may be due or hereafter become due for labor and services rendered by any minor or mechanic, servant girls at hotels, boarding houses, restaurants or in private families, or any other servant and helper in and about said houses of entertainment and private families ; porter, hostler or any other person employed in and about livery stables and hotels ; laundrymen or washerwomen, seamster or seamstress employed by merchant tailors or by any other person ; milliner, dressmaker, clothier, shirtmaker, or clerk employed in stores or elsewhere ; hand laborer, including farm laborer or any other kind of laborer ; printer, apprentice, and all other tradesmen hired for wages or salary from any person or persons—shall be preferred," etc.

Wood, Brown & Co. were wholesale dealers in dry goods. The plaintiff was to sell goods, paying his own expenses and receiving house and road commissions. His compensation was entirely by commissions on approved sales whether made upon the road or at the house by him, or by any one to customers whom he had secured. He was clearly a traveling salesman. It is claimed however that he is within the meaning of the act as a " clerk employed in a store or elsewhere."

The act of May 12, 1891, is an amendment of the act of June 13, 1883, which was an amendment of the act of April 9, 1872. Each successive act enlarges the number of persons intended to be benefited. The first act included but four classes, the second twenty-three, and the third twenty-five. Each act includes clerks, and in the third all limitations as to the business of the employer and places of employment are removed as to them. In Sproul v. Murray, 156 Pa. 293, it was held that the

act of 1883 should receive an enlarged or remedial construction in ascertaining whether certain persons specifically named were within its provisions.  The act of 1872 limited the right of preference by naming the classes of employers whose property was subject to the right.  The subsequent act enlarged the class of employees, but not that of employers.  It was held that the latter class was enlarged by necessary implication to correspond with the former.  This construction gave effect to the obvious intent of the legislature, and was necessary to make the act sensible.  The question now before us is whether the right has been conferred, and that is to be determined by the language of the statute.  The original meaning of the word clerk has become so enlarged that in modern usage it may include a salesman in a retail store.  It cannot however be extended to include one whose business is to travel and secure customers, and whose compensation is by commissions on sales affected by or through him.  Such a person is not an assistant in the store or business of his employer.  He is not employed to keep accounts or to assist in the store or elsewhere in the management of the business.  At the time of the passage of the act traveling salesmen were a well-known and distinct class of employees.  If it was the intention to extend to them the preference given by the act, it is to be presumed that they would have been included with the classes of persons named.

The judgment is reversed.