## George M. Frutchey, Appellant, *v.* O. E. Lutz, Defendant, and Scranton Traction Company, Garnishee.

*Attachment execution— Wages—Judgment.*

Money due by a street railway company to a conductor for wages is not attachable even on a judgment based on a claim for wages.

Argued Feb. 26, 1895. Appeal, No. 25, Jan. T., 1895, by plaintiff, from order of C. P. Lackawanna Co., March T., 1894, No. 350, reversing proceedings of alderman on certiorari. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Certiorari to judgment of alderman, O. B. Wright.

From the record it appeared that plaintiff worked as a carpenter for defendant, O. E. Lutz, who was a contractor. Lutz subsequently entered the employ of the Scranton Traction Company, as a conductor. Plaintiff obtained judgment before alderman Wright "for wages for manual labor," amounting to $64.96. An attachment execution was then issued upon the judgment, summoning the Scranton Traction Company as garnishee. In answer to the interrogatories, the garnishee admitted that they had in their hands $41.91 belonging to Lutz, "which indebtedness arose by reason of the employment by us 'of said Oliver E. Lutz as conductor," etc. Judgment was then entered by the alderman in favor of Frutchey as against the Scranton Traction Company for the amount admitted to be in their hands. Thereupon O. E. Lutz and the Scranton Traction Company sued out a writ of certiorari, directed to said alderman, and upon argument the judgment against the garnishee was reversed, EDWARDS, J., filing the opinion of the court. Plaintiff appealed.

*Error assigned* was order reversing the proceedings.

*Charles W. Dawson*, for appellant.—The act of April 15, 1845, P. L. 459, extended the jurisdiction of aldermen and justices of the peace to attachments, etc., but in the fifth section of the act appears the following proviso: "Provided however, that the wages of any laborers, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer." The rule which, it seems, governs the interpretation of this proviso is, that "Acts which establish monopolies, or confer exemptions and privileges, correlatively trenching on general rights, are subject to the principle of strict construction: Endlich on Interpretation of Statutes, 349, 186; Rue v. Alter, 5 Denio (N. Y.), 119; Chapin v. Fersse, etc., Works, 30 Conn. 461; Rheeling's App., 107 Pa. 161; Womelsdorf v. Heifner, 104 Pa. 1; Roberts v. Yarboro, 41 Tex. 449; Endlich on Int. of Stat. sec. 264, 265; Perry County v. Jefferson County, 94 Ill. 214; Cooley's Prin. Const. Law, 313.

If it should be determined that the proviso exempts all wages from attachment, even when such attachment is founded on a

judgment obtained for manual labor, then we contend that the following acts of assembly extend the jurisdiction of aldermen and justices of the peace: Act of May 17, 1883, P. L. 34; act of March 4, 1887, P. L. 4.

This appeal will lie: Act of April 15, 1845.

No argument was offered or paper-book filed for appellee.

PER CURIAM, April 8, 1895:

It being conceded that the money attached in the hands of the Scranton Traction Co., garnishee, was due Oliver E. Lutz for wages earned by him as a street car conductor in the employ of said garnishee, the learned judge of the court below rightly held that it was not attachable, even on a judgment based on a claim for wages. There was therefore no error in reversing the proceedings against the garnishee. Neither of the assignments of error is sustained.

Judgment affirmed.