# John F. Jones v. The Susquehanna Coal Company, Appellant.

*Wages—Contract—What constitutes a claim for wages.*

On a suit brought to recover money alleged to be due as wages the contract may be either general or special, oral or written. Labor may be performed in pursuance of a hiring by the day, week, month, or employment to work in the mines, by the ton, foot or yard, in manufacturing establishments by the ton, by the piece, by the yard, by the keg or in any other way which may be customary in mining and manufacturing establishments.

Wages are the reward of labor and always come by contract, express or implied. A working contractor under a special agreement for a fixed contract price may recover the whole or part of the contract price as the wages of his own manual labor, thus securing to himself all the advantages of preference which the statute law gives to such a claim.

*Words and phrases—Wages defined.*

In common use the word wages is applied specifically to the payment made for manual labor or other labor of a mental or mechanical kind, distinguished (but somewhat vaguely) from salary and from fee which denote compensation to professional men, as lawyers and physicians.

Argued Jan. 21, 1896. Appeal, No. 25, Jan. T., 1896, by defendant, from judgment of C. P. Luzerne Co., Dec. T., 1894, No. 378, on verdict for plaintiff. Before WILLARD, J., WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Appeal from the judgment of alderman on a claim for wages for manual labor. Verdict for plaintiff for $146.74. Before RICE, P. J., who charged the jury as follows : "In March, 1894, this plaintiff in connection with Francis Poole, entered into a contract with the Susquehanna Coal Company to drive a rock tunnel a distance of about a thousand feet, for which they were to furnish all of the materials and labor necessary, and for which they were to be paid at a certain price per lineal yard agreed upon. By the terms of that contract the company had the right to reserve each month out of the amount earned for that month ten per cent in order to secure full and faithful performance of the contract upon the part of the plaintiff and Poole. In August following the plaintiff was notified that there was no longer any work for him there ; in other words,

he was discharged. It appears from the testimony in the case that there was this ten per cent retained by the company during the time that he worked there, and this suit is brought by him to recover the one half of the ten per cent earned by himself and Poole. It appears further in the testimony that early in the execution of the contract an application was made by Poole and the plaintiff or Poole acting in behalf of himself and the plaintiff to the defendant company for an advance or an allow- ance of $5.00 a yard on account of the hard rock which they were driving through. This was not to be an increased pay for the work, but was in the nature of an advance or loan which was to be repaid later on when the work became easier. The advances thus made amounted to something more than the ten per cent. The question arises whether or not the plain- tiff is entitled to recover this percentage of the amount earned by him in accordance with the terms of the contract. You will bear in mind that this is a suit brought to recover wages earned in the performance of this contract. It is not a suit brought to recover the profits that each would have made upon the con- tract if it had been fully carried out. The defense is that he was properly and rightfully discharged by the defendant com- pany because he did not carry out his part of the contract. If that defense has been established by the testimony in the case it is a complete defense, and in considering it you are, of course, not to be swayed by any passion, or any prejudice—you are to be governed solely by the facts as you shall find them to be established by the weight of the credible testimony in the cause. In the absence of any specific agreement between these parties in a written contract it was the duty of the plaintiff and his partner to proceed with the work with reasonable diligence, and what would be reasonable diligence would be for you to deter- mine under all of the circumstances of the case. If he neg- lected the work, did not proceed with what would be reasonable diligence under all of the circumstances, then manifestly he was not carrying out his part of the contract and the defend- ant company had a right to determine it. But, in addition to this implied obligation which rested upon him or would have rested upon him in the absence of any specific agreement that the work shall be fully completed within a time specified, the specifi- cations contain the agreement that the work is to be pushed at

the rate of three eight-hour shifts each and every day until it is completed, and it contains a further clause that the company reserves the right at any time to declare the contract void and at an end when the work is not being done in accordance with the terms and specifications, and, as we have said, one of the terms and specifications was that the work should be pushed at the rate of three eight-hour shifts each and every day until completed. This preliminary statement brings me to the statement of the question of fact which the jury are to decide ; that is, whether or not the plaintiff did neglect his work as alleged by the defendant, it being claimed here that during the time that he was at work there, during the time that the contract was in force between him and the company, he was away on an average from seven to eleven shifts a month ; and it is claimed that this was. not on account of any illness, but on account of intemperate habits. On the part of the plaintiff it is claimed that he was not absent so much as that, and that he was only absent on account of illness in August something like five days, whereas upon the part of defendant it is claimed that he was absent eight days. This is a question of fact, as we have said, to be decided by the jury in accordance with what they find to be the weight of the credible testimony in the cause. If he neglected the work without cause and on account of that the defendant terminated the contract then he would not be entitled to recover. If, however, you find that he proceeded with the work with due diligence except during the time when he was necessarily detained from it by illness, then we think that the company should not have the right to terminate it without paying him the wages that he had earned up to the time that he was discharged.

Defendant's counsel request us to charge :

1. That the transcript from the justice of the peace which stands for the plaintiff's declaration in the case shows a claim for the wages of manual labor. Plaintiff's proofs disclose a claim for a balance alleged to be due under a special contract. The plaintiff therefore has failed to establish the cause of action declared upon and cannot recover.

We decline to charge as requested in that point. [1]

2. If the jury believe that Jones, the plaintiff, neglected his work, then the Susquehanna Coal Company, the defendant,

334  JONES *v.* COAL CO., Appellant.

Opinion of Court below—Opinion of the Court. [1 Super. Ct.

had a right to forfeit the contract and the plaintiff cannot recover the ten per cent withheld.

That point is affirmed.

3. Under all the evidence in the case the $2.50 per yard extra paid to plaintiff in April, May, July and August, 1894, was a loan to be afterwards repaid by him; the defendant is entitled to have it set off against the plaintiff's claim in this suit.

We cannot affirm that point without this qualification; but with this qualification we do affirm it: If you find under the instructions that we have already given you that the defendant had a right to forfeit the contract at the time it did, then the point would be well taken and the amount advanced would be an offset against the plaintiff's claim, or the amount claimed, and would be fully satisfied; but if he was not rightfully discharged by the defendant company then the point would not be well taken and this amount that had been advanced could not be deducted from the amount retained under the ten per cent clause by the defendant company.

Before verdict rendered defendant's counsel respectfully except to the charge of the court and answers to points, and request that the same be reduced to writing and filed of record in the cause.

*Error assigned*, refusing to affirm defendant's first point, reciting same.

*Wheaton, Darling & Woodward*, for appellant.—The sum sued for was profit and not wages: Smith v. Brooke, 49 Pa. 147; Heebner v. Chave, 5 Pa. 115; Railroad v. Leuffer, 84 Pa. 171. Where proofs on the trial show merely work and labor done in pursuance of a contract, it does not amount to wages, and the plaintiff having declared for wages for manual labor cannot recover: Henry v. Fisher, 2 Dist. Rep. 71.

*B. R. Jones, G. L. Halsey* with him, for appellee, relied on Penna. Coal Co. v. Costello, 33 Pa. 241.

OPINION BY BEAVER, J., February 20, 1896:

The facts in this case are fully and clearly stated in the charge of the learned judge of the court below. There is a

single assignment of error which raises a technical and very narrow question to be decided. That question was presented in the court below by the defendant in the following point: "1. That the transcript from the justice of the peace which stands for the plaintiff's declaration in the case shows a claim for the wages of manual labor. Plaintiff's proofs disclose a claim for a balance alleged to be due under a special contract. The plaintiff, therefore, has failed to establish the cause of action declared upon and cannot recover." The answer of the court was "We decline to charge as requested in that point." The court might very properly have declined to answer the point on the ground of its inadequacy. It will scarcely be claimed that the wages of labor cannot be earned under a special contract. Wages in general are the result of employment. That employment constitutes a contract. The contract may be either general or special, oral or written. The point, therefore, in order to bring what was evidently in the mind of counsel to the attention of the court, should have alleged that the special contract referred to covered more than the wages of manual labor. The court, however, did not take advantage of the inadequacy of the point, and it is not our purpose to do so in the consideration of the question involved. It is of importance and should, therefore, be fairly and fully met. There is no exception to the general charge and none to the answers of the court to the other points submitted. All the facts involved in the case were fairly submitted to the jury and were found by the verdict in favor of the plaintiff. The learned judge who tried the case charged (inter alia) : "You will bear in mind that this is a suit brought to recover wages earned in the performance of this contract. It is not a suit brought to recover the profits that he would have made upon the contract, if it had been fully carried out." The jury, therefore, evidently found that the subject of controversy was the wages which the plaintiff himself had earned in carrying out the special contract between himself and his colaborer and the defendant, who is the appellant in this court, and not the profits upon the labor of other persons employed in carrying out the contract which was the subject of controversy.

The question broadly stated by the appellant in his argument is this : "Can a working contractor under a special agreement

for a fixed contract price recover the whole or part of the contract price as the wages of his own manual labor, thus securing to himself all the advantages of preference which the statute law gives to such a claim?" It is claimed further that " wages in their technical sense are the compensation to be paid for services by the day, week or month. They are only due as a result of hiring or employment and involve the relation of master and servant or employer and employee." We cannot assent to this proposition. Wages are the compensation of labor. That labor may be performed in pursuance of a hiring by the day, week or month or of employment to work in mines by the ton, foot or yard, in manufacturing establishments by the ton, by the piece, by the yard, by the keg or in any other way which may be customary in mining and manufacturing communities. In the case quoted by the appellee—The Pennsylvania Coal Company v. Costello, 33 Pa.241—the principle involved in the case we are now considering was, in our judgment, clearly decided. Kennedy was a miner working with a colaborer in a chamber in a coal mine. He and Welch received credit for all the work done. Out of the proceeds of their joint labor and that of McNulty, an assistant, they paid the latter his wages.

Mr. Justice WOODWARD, in delivering the opinion of the court, says: " And now we have here an employer and an employee, labor contracted for and performed and wages resulting therefrom according to the contract. Wages are the reward of labor and always come by contract, express or implied." The court in that case decided that the balance being the wages of Welch and Kennedy was to be divided between them, and that Kennedy's portion thereof could not be attached under the act of 15th of April, 1845, in the hands of the employer, being the wages of labor. We cannot distinguish practically or logically between coal mined by the ton as in the case above referred to and a rock tunnel driven by the yard. The latter is as much a necessary part of mining as the former, and the work done in removing the rock is as much manual labor as the removal of the coal, and the result of it as much the wages of the man who labors with his hands in the one case as in the other. To hold otherwise would be to deprive the wage earners of the present day in the great majority of our manufacturing and mining industries of the provisions of the laws which have been

enacted for their benefit. See Seider's Appeal, 46 Pa. 57. We have no doubt as to the legislative intent in regard to the several classes whose interests were to be protected by the numerous legislative enactments upon this subject. So careful has the legislature become in this respect that in later acts relating to the protection of wage earners they provide expressly, as in the act of the 12th of May, 1891, P. L. 54, amending the act of the 13th of June, 1883, P. L. 116, in reference to the wages which are to be preferred and paid first out of the proceeds of the sale of the property of insolvent debtors, that such wages are to be preferred " whether at so much per diem or otherwise." So also in regard to the act of the 23d of May, 1887, P. L. 180, providing for the semimonthly payment of wageworkers, and its supplements. Whilst these acts relate to the payment of wages, it has never been doubted, so far as we know, that all wages, whether earned by the day or the week, or by the piece, by the yard, by the ton, by the keg or in any other manner, are subject to their provisions.

It has been further urged upon us that the word " wages " as understood in common parlance and defined in dictionaries, which are supposed to give us the common, popular understanding of terms, confines the use of the word to earnings by the day, week or month. It is sufficient to say, however, in answer to this that one of the latest and perhaps the most complete work of this kind (the Century Dictionary) defines the wages to be " that which is paid for service rendered; what is paid for labor; hire." In common use the word wages is applied specifically to the payment made for manual labor or other labor of a menial or mechanical kind, distinguished (but somewhat vaguely) from salary and from fee, which denotes compensation to professional men, as lawyers and physicians." Whilst lexicographers do not agree, we are quite certain as to legislative intent, as to authoritative judicial interpretation, and as to the understanding in regard to what constitutes wages among the mining and manufacturing classes of Pennsylvania. The learned judge of the court below properly answered the point as presented and the judgment is, therefore, affirmed.

RICE, P. J., did not sit at the argument of this case.