# John S. Hoffa *v.* D. W. Person. Appeal of Millheim et al.

*Wages—Preferred claim of working contractors.*

Persons contracting to do hauling of lumber, and also certain " skidding " and preparation of the same, come within the definition of laborers where they themselves participate in the actual labor contracted for. The fact that they employed assistance does not militate against such standing as laborers, and when the services and wages of their helpers can be individuated and are awarded as preferred claims the balance due on the contract can properly be awarded to such contractors, as representing the labor of such contractors and their teams.

Argued Jan. 16, 1896. Appeal, No. 21, Jan. T., 1896, by Alvin Millheim et al., wage claimants from the definitive decree of C. P. Wyoming Co., April T., 1894, No. 72, in the distribution of the fund arising from the sheriff's sale of the personal property of D. W. Person, and in making distribution of said fund. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Exceptions to report of auditor appointed to distribute proceeds of fund arising from sale of personal property of D. W. Person.

The auditor awarded as preferred claims the following:

| | | |
|---|---|---|
| To Edw. Millheim | . . . . . . | $141 50 |
| " Alvin " " | . . . . . | 141 50 |
| " Wright & Mayo, | . . . . . | 161 65 |
| Total claims | . . . . . | $444 65. |

The facts sufficiently appear from the opinion of the Superior Court and from the report of the preceding branch of this case.

*Errors assigned* (1–4) in reversing the finding and award of the auditor of that portion of the fund awarded to Wright & Mayo, and the Millheims.

*James W. Piatt*, for appellant.—The insolvency of Person was established and no question should exist as to it: Hartman's Appeal, 107 Pa. 335; Timmes v. Metz, 156 Pa. 384; Wolf v. Tillinghast, 3 Dist. Rep. 388. These cases also hold that the claim is not confined to the specific property connected with the particular business or employment in which the laborer has expended his labor, but extends to all defendant's property. See discussion by ARCHBALD, P. J., in Wolf v. Tillinghast, 3 Dist. Rep. 388. See also Weed v. Robinson, 3 Dist. Rep. 203. If a contractor pays his assistants he would be entitled to stand in their shoes : Wentroth's Appeal, 82 Pa. 471; O'Brien v. Hamilton, 12 Phila. 387. The statute is entitled to a fair and literal construction: Daine's Appeal, 62 Pa. 417; Hartman's Appeal, 107 Pa. 335; Timmes v. Metz, 156 Pa. 394; Sproul v. Murray, 156 Pa. 293. `Laborers are protected, whether the wages agreed to be paid are measured by the time, or by the ton, or by the piece or by any other standard: Seider's Appeal, 46 Pa. 61. The word " wages " does not imply that the compensation is to be determined solely upon the basis of time spent in service; it may be determined by the work done. It means compensation measured in either way : Ford v. St. Louis R. Co., 54 Iowa, 728; 28 Am. & Eng. Ency. of Law, 513, note 3.

· *E. J. Mullen* and *Rush J. Thomson*, for appellee.—The appellants were not laborers within the meaning of the act. A laborer is one who performs with his own hands the contract he makes with his employer: Seider's Appeal, 46 Pa. 57; Wentroth's Appeal, 82 Pa. 469; Ely v. Stanton, 120 Pa. 532.

OPINION BY BEAVER, J., March 18, 1896 :

D. W. Person owned and operated a sawmill in Wyoming county. In the course of his business he made a contract with Alvin Millheim and Edward Millheim for cutting, skidding and hauling logs and peeling bark, agreeing therein to pay them by the thousand for cutting, skidding and hauling the logs and by the cord for peeling the bark. He made a similar contract with D. W. Wright and Harvey Mayo for hauling bark from the woods to the railroad at Lopez, Sullivan county, to be paid for by the ton. Becoming involved Person's personal property was levied upon by virtue of executions issued upon judgments

obtained in the common pleas of Wyoming county by John S. Hoffa and others. The executions exceeded in the aggregate $3,400. Before the sale, notices of preferred claims for wages were served upon the sheriff by Alvin Millheim, Edward Millheim, Harvey Mayo and D. W. Wright, the contractors before mentioned, as well as by a number of other persons, most of whom were in their employ. The proceeds of the sheriff's sale, amounting to sixteen hundred and six and $\frac{5}{100}$ ($1,606.05) dollars were brought into court for distribution. An auditor was appointed who made distribution thereof. Under and in pursuance of the notices of preferred claims, he awarded to Edward Millheim one hundred and forty-one and $\frac{50}{100}$ ($141.50) dollars, to Alvin Millheim one hundred and forty-one and $\frac{50}{100}$ ($141.50) dollars and to Wright & Mayo one hundred and sixty-one and $\frac{65}{100}$ ($161.65). The other awards have been considered in the case of Hoffa's appeal, in which the opinion of this court has been filed this day. Upon exceptions to the report of the auditor, the question of the validity of the awards to the several claimants herein above referred to was fully considered by the court below and the findings of the auditor set aside, on the ground that the Millheims and Wright & Mayo were not such laborers as are protected by the provisions of the act of 1872 and its supplements. The learned court below says : " Wright & Mayo took a contract from Person to haul bark at a stipulated price per cord. Under this contract they were each entitled to a preference for the work of their own hands the same as if they had been working by the day, but they had employed others by the day to assist them and could not themselves claim a preference for the labor of their hired men. There is nothing in their claims filed which separates their individual labor from the labor of their employees, and nothing in the evidence reported by the auditor which individuates the manual labor of each. Alvin and Edward Millheim also together made a contract with Person to cut, skid and haul logs and peel bark at an agreed price per ton for bark and per thousand for the logs. They also hired laborers to assist them, and their claim includes the labor of their employees, and there is nothing in their claims or the evidence reported to individuate the manual labor of each. Under the cases, I am of the opinion that the claims of Wright & Mayo

and the two Millheims were improperly allowed as preferred claims."

The auditor in his finding awards to each of the persons employed by the Millheims and Wright & Mayo the amount due to them respectively from these contractors. This award of itself separated the individual labor of the employees from that of the contractors and left the remainder to represent either the individual labor of the contractors which the court admits would entitle them to preference or the profit upon the labor of others. We think the court fell into error in concluding as a matter of fact that there was nothing in the evidence reported by the auditor which individuates the manual labor of these contractors. We have very carefully examined the evidence and, whilst it is true that the testimony taken by the auditor is not reported as fully as it should have been, we find in the record the time books of these several parties in which the time of each individual is kept daily as in the case of other laborers. There was abundant evidence to show that all of these contractors labored with their own hands and with their own teams. Those who labored for them have been paid, either by the contractors themselves or out of the fund brought into court for distribution. After these payments were deducted from the amounts due the contractors respectively, the balances represented the amounts due to the Millheims and Wright & Mayo and constituted their wages as laborers. See Pennsylvania Coal Co. v. Costello, 33 Pa. 241. In Seider's Appeal, 46 Pa. 57, it was held : " By laborers we mean those who perform with their own hands the contract they make with the employer." This definition of a laborer was approved in Wentroth's Appeal, 82 Pa. 469, where it was held that one who performs a contract to deliver lumber by hiring teams and drivers *but who does no. hauling himself* is not a laborer within the meaning of the act of April 9, 1872, and is not entitled to the preference provided by that act. The appellants in this case were all men who labored with their own hands in the performance of the several contracts which had been made with Person for the work agreed to be done by each of them respectively. After the payment of their helpers, the balance represented the work of themselves and their teams. The

amount due each respectively was, so far as we can ascertain, correctly found by the auditor.

We, therefore, sustain the assignments of error and reverse so much of the decree of the court below as overrules the finding of the auditor awarding to Edward Millheim $141.50, to Alvin Millheim $141.50, and to Wright & Mayo $161.65.

In accordance with this opinion and decree and the opinion and decree in Hoffa's Appeal this day filed, the distribution of the fund in the court below, after deducting the costs, will be made as follows, to wit:

| | | |
|---|---:|---:|
| Balance for distributing after deducting costs, etc., . . . | | $1,468 09 |
| G. F. Suber, Laborer, . . . | $ 40 75 | |
| H. C. Meyer, " . . | 76 75 | |
| T. H. Kunes, " . . . | 24 50 | |
| Clinton McCarrell, Laborer, . | 22 50 | |
| Harry McCarrell, " . . | 25 50 | |
| T. H. Kunes, " . . | 5 00 | |
| W. G. Heiber, (as per opinion in Hoffa's Appeal) . . . . | 32 00 | |
| Edward Millheim, . . . : | 141 50 | |
| Alvin Millheim, . . . . | 141 50 | |
| Wright & Mayo, . . . | 161 65 | $671 65 |
| Balance . . . . | | $796 44 |

Which said balance is to be applied on account of the judgment of J. S. Hoffa, No. 72, April term, 1894.

The costs of this appeal to be paid by the appellee.