# Carey v. Lameroux.

In an action to recover for wages for manual labor, labor done by another will not secure to plaintiff the advantages he already gained and those to which he would be entitled in case of a judgment legally recovered; and upon a subsequent trial in Court the testimony should be confined to the labor which plaintiff himself performed.

In order to secure the advantages, upon a claim for manual labor, provided under the Acts of April 20, 1876, P. L. 43, March 22, 1877, P. L. 13 and, May 17, 1883, P. L. 34, plaintiff, upon trial, must show that the work was done by himself, and not that it was done by himself and others.

WAGES FOR MANUAL LABOR—EXEMPTION—TESTIMONY.

No. 151, April Term, 1902, C. P. Wyoming Co.

Appeal No. 65, January Term, 1903, Superior Court.

Trial before Dunham, P. J.

Opinion by BEAVER, J., April 20, 1903.

This was an action brought before a Justice of the Peace before whom judgment was obtained, from which the defendant appealed to the Court of Common Pleas of Wyoming County.

In the transcript of appeal from the Justice of the Peace, which under the rules of Court of Wyoming Co. constitutes the declaration, it appears "the plaintiff claim, being for wages of manual labor in manufacturing lumber performed by him for W. A. Lameroux and S. Johnson, trading and doing business as W. A. Lameroux & Co."

The record of a Justice of the Peace shows that plaintiff

claimed for wages of manual labor performed by himself in manufacturing lumber.

Upon trial, plaintiff by his own testimony, proposed to prove that he manufactured or made 4,310 mine ties at two cents apiece and cut and skidded 35,151 feet of mine props at one-half cent per foot for the defendants in this case, and which now forms the basis of this claim, and to show that the work was performed by himself, or that it was done by himself and others, in order to establish the amount due him from the defendants.

Defendants' counsel objected to the testimony proposed to be given under this offer because the transcript which under the rule of Court, constitutes plaintiff's declaration, was for wages for manual labor performed by the plaintiff for the defendants, and not for manufacturing ties or props, and that any evidence of work done by any other person was not admissible in the issue as it then stood.

The Court: Prior to the decision of the Superior Court in Millheim's Appeal, 1 Pa. Superior Ct. 367, we were under the impression that these manual labor claims were held quite strictly; but in that case the Court went so far as even to take in contract work and time work, under the head of labor claims. In view of that decision we will overrule the objection and admit this evidence; to which the defendants except, and at their request an exception is noted and bill sealed.

Verdict and judgment for plaintiff for $137. Defendant appealed.

Error assigned was ruling on evidence, quoting bill of exceptions.

A. A. Vosburg, Esq., and James W. Piatt, Esq., for appellant, cited: Jones v. Susquehanna Coal Co., 1 Pa. Superior Ct. 331; Smith v. Brooke, 49 Pa. 147; Wentroth's Appeal, 82 Pa. 469; Pa. Coal Co. v. Costello, 33 Pa. 241; Pa. & Del. R. R. Co. v. Leuffer, 84 Pa. 168; Frutchey v. Lutz, 167 Pa. 337.

C. O. Dersheimer, Esq., with him Asa S. Keeler, Esq., for appellee, cited: Hoffa's App., 1 Pa. Superior Ct. 357; Millheim's

App., 1 Pa. Superior Ct. 367; Seider's App., 46 Pa. 57; Jones v. Susquehanna Coal Co., 1 Pa. Superior Ct. 331.

Opinion by BEAVER, J.

This was an appeal from the judgment of a Justice of the Peace. In the transcript of appeal which, under the rules of the Court of Wyoming county, constitutes the declaration, it appears: "The plaintiff's claim being for wages of manual labor in manufacturing lumber performed by him for W. A. Lameroux and S. Johnson, trading and doing business as W. A. Lameroux & Co."

Under this claim, the plaintiff secured certain statutory advantages. Under the Act of April 20, 1876, P. L. 43, he had the right, before an appeal could be taken, to have the defendant or his agent "make oath or affirmation that the appeal is not intended for the purpose of delay but that he believes that injustice has been done him" and to require the defendant "to give good and sufficient bail for the payment of the debt and costs, to be paid when finally adjudged to be due the plaintiff by the Court in all cases for labor." He had the right, under the Act of March 22, 1877, P. L. 13, after his appeal was taken, to have his cause placed first on the list, provided that "the statement of the plaintiff's claim be filed in such cases, showing that the claims respectively are for manual labor alone." This privilege was accorded him. He had the right, in case he recovered judgment for $50.00 or less upon his claim, to prevent the claim of the defendants for exemption of property from attachment, levy or sale upon execution upon the said judgment: Act of May 17, 1883, P. L. 34. All these Acts of Assembly secure to claimants for manual labor certain rights which are denied other suitors. Under such circumstances the Acts are to be strictly construed and, inasmuch as he seeks the benefit of class legislation, he must bring himself clearly within its provisions: Womelsdorf v. Heifner, 14 W. N. C. 24.

Upon the trial of the case in the Court below, the plaintiff offered, by his own testimony, to show "that he manufactured

or made 4,310 mine ties at two cents apiece and cut and skidded 35,151 feet of mine props at one-half cent per foot for the plaintiff in this case, which now forms the basis of plaintiff's claim;" he also proposed to show "that the work was performed by the plaintiff personally or that it was done by himself and others; this for the purpose of establishing the amount due from the defendants to the plaintiff in this case." This was objected to on the ground that any evidence of work done by any other person is not admissible in the issue as it then stood. The objection was overruled and the testimony admitted. In this we think there was error.

The plaintiff's declaration was for manual labor performed by himself. Labor done by another did not secure to him the advantages that he had already gained and those to which he would be entitled, in case of a judgment legally recovered, and the testimony should have been confined to the labor which he himself did. What the wages of manual labor are is defined in many of our cases. In Pa. & Del. R. R. Co. v. Leffer, 84 Pa. 168, it is said: "In Heebner v. Chave, 5 Pa. 115, the Act of 1845, prohibiting the attachment of laborer's wages, came up for construction and it was held that that Act was intended to secure the manual laborer the fruits of his own work for the subsistence of himself and family and that it did not embrace the earnings of a contractor. So in Smith v. Brooke, 49 Pa. 147, wages of laborers were defined to be the earnings of the laborer by his personal manual toil."

In admitting the testimony the trial Judge in the Court below seemed to surrender his own convictions in deference to our ruling in Millheim's Appeal, 1 Pa. Superior Ct. 367, but this case had no application to the one under consideration. It was a case in which the distribution of an insolvent's estate was made under the provisions of the Act of May 7, 1891, which provides: "that all moneys that may be due from any person or persons to any and every laborer for work done in and about the cutting, peeling, skidding, hauling and driving of saw logs, the hewing, mak-

ing, skidding and hauling of square timber, and the peeling, skidding and hauling of bark, for a period not exceeding six months prior to the death or assignment for the benefit of creditors of the employer or employers, or to a sale of said saw logs, square timber or bark, upon execution process against said employer or employers, shall be preferred and first paid out of the proceeds of any Executor's, Administrator's, Assignee's, Sheriff's .or other officer's sale of saw logs, square timber or bark, as the property of the employer or employers." This distinctly provides for the labor done in and about the hauling and, in Millheim's Appeal, we held that the contractors who had done work personally upon the job were entitled, after their laborers had been paid, to the balance which represented their own work and that of their teams. But that case has no application whatever to this. Here the claim was for manual labor performed by the plaintiff himself. To that he limited himself by his declaration and thereby secured the privileges to which we have already alluded. The testimony should have been confined to the labor of the plaintiff himself.

It follows that that portion of the charge of the Court to which exception was taken, namely, "As I said before, if you find, after considering all these things as we have told you to consider them, that there is anything due upon this contract over and above what Mr. Carey has receivel from these defendants and over and above any damages that these defendants have suffered by reason of the failure on the part of Mr. Carey to perform his contract, then you would find a verdict in favor of Mr. Carey for the amount you ascertain is due from these defendants to him under his contract" is erroneous. The Court should have confined the jury not to what was due under the contract but what was due, after payments and deductions, for the manual labor performed by himself in and about the contract.

It must not be understood that in a general action of assumpsit the plaintiff would not be entitled to recover all that he cffered to show was due him under the testimony and all that the Court directed the jury to find as due him under his contract.

Carey v. Lameroux.

If he had left out his demand before the Justice the claim for manual labor done by himself and had brought a general action of assumpsit, of course the testimony would have been proper as would also the charge of the Court. It was only because he limited himself in his claim and thereby secured the privileges and exceptional advantages which are provided in our several Acts of Assembly for a claim for manual labor that he must be limited in another trial in the Court below to the claim as he made it before the Justice of the Peace.

Judgment reversed and a new venire awarded.