## Commonwealth, to use, Appellant, *v.* Gibson.

*Execution—Attachment execution—Wages — Act of April 15, 1845, P. L. 459.*

The Act of April 15, 1845, P. L. 459,.which provides "that the wages of any laborers......in public or private employment will not be liable to attachment in the hands of the employer," does not apply to compensation to which the defendant in an attachment execution may have been entitled for work done by a teamster employed by him, and a team owned by him, and reimbursement for the board of such a teamster.

Where an attachment execution has been issued against a judgment in favor of the defendant in the attachment execution, and the record of such judgment shows that the claim was in part for work as a laborer, and in part for the wages of a teamster employed by the defendant in the attachment, and for board of such teamster, and it appears that certain payments had been made to the defendant in the attachment by his employers prior to the judgment, and that the employers had not applied any of the payments to a particular part of the claim against them, the attaching creditor has a right to apply the payments to the discharge of the indebtedness which represented wages, as such application would be most advantageous to himself.

Argued April 13, 1917. Appeal, No. 80, April T., 1917, by plaintiff, from order of C. P. Armstrong Co., June T., 1912, No. 22, refusing to take off nonsuit in case

of Commonwealth to use of School District of Kittanning Borough v. David Gibson and John Campbell and A. E. Butler, doing business as Campbell & Butler, Garnishees. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Reversed.

Attachment execution. Before KING, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Harry C. Golden,* with him *H. L. Golden,* for appellant.—The record of the case of Gibson v. Campbell & Butler fails to show that Gibson appropriated the credits to any particular part of his claim. Under such circumstances, the attaching creditor, the present appellant, has the right to appropriate the credits in such a manner as will be most advantageous to him: Smith v. Brooke, 49 Pa. 147.

The fund involved is clearly not wages or salary, and is not exempt from attachment execution: Heebner v. Chave, 5 Pa. 115; Carey v. Lameroux, 22 Pa. Superior Ct. 560; Millheim's App., 1 Pa. Superior Ct. 367; Wentroth's App., 82 Pa. 469; Smith v. Brooke, 49 Pa. 147; O'Neill v. Beasley, 17 Pa. Dist. Rep. 153.

*R. L. Ralston,* with him *H. A. Heilman,* for appellee, cited: In re Yoder, 127 Fed. 894; Watson v. Watson, 30 N. J. Eq. 588; Pennsylvania Coal Co. v. Costello, 33 Pa. 241; Seiders App., 46 Pa. 57; Watson v. Christ, 62 Pa. Superior Ct. 604.

OPINION BY HENDERSON, J., July 13, 1917:

A brief statement of the facts will disclose the question at issue in this case. David Gibson recovered a judg-

ment for $987.57 in the Court of Common Pleas of Armstrong County in an action of assumpsit against Campbell & Butler. The claim was based on a parol contract by the terms of which the defendants agreed to pay to the plaintiff: (1) One hundred dollars per month for the services of himself and his team used in hauling material for the defendants; (2) all sums expended by the plaintiff for boarding while away from home; (3) compensation at the rate of $4.50 per day for work done by an additional team and driver. Interest on this amount after deducting payments made thereon was also claimed. The school district of the Borough of Kittanning held a judgment against David Gibson for $4,347.68 on which judgment an attachment execution was issued and Campbell & Butler were summoned as garnishees. Gibson, the defendant, filed an affidavit of defense in the attachment in which he set forth that the debt due from Campbell & Butler was wages or salary and therefore exempt from attachment execution. At the trial the plaintiff offered in evidence the judgment against Gibson as well as the record of the case of Gibson v. Campbell & Butler together with the record of the attachment execution and rested. Whereupon the court granted a compulsory nonsuit for the reason that the fund was not attachable. The judgment of Gibson v. Campbell & Butler shows an indebtedness in favor of Gibson which prima facie was subject to attachment by his judgment creditors. If not so subject it is because of some exception to the general liability of a debtor. The exception set up by the appellee is that made by the Act of April 15, 1845, P. L. 459, which provides "That the wages of any laborers or salary of any person in public or private employment shall not be liable to attachment in the hands of the employer." The question presented for our determination is therefore whether at the close of the plaintiff's evidence it appeared that the indebtedness due from Campbell & Butler to Gibson was wages or salary. The plaintiff's statement in the action of Gibson v. Campbell

& Butler sets forth that the defendants are indebted to the plaintiff in the sum of $3,300 pursuant to the parol contract recited for doing their hauling until April 1, 1906, at the rate of (a) one hundred dollars per month for the services of himself and team of horses; (b) for the sum of $415.03 for plaintiff's board while in the service of the defendants away from his home; (c) $839.25 for work done with second team at $4.50 per day.   A further sum of $509.04 is claimed for interest, making a total indebtedness of $5,063.32 on which payments of $2,976.17 were admitted, leaving a balance of $2,087.15. It is impossible to ascertain what part of the plaintiff's claim was disallowed by the jury in reaching a verdict. As the evidence does not show that Gibson or Campbell & Butler applied any of the credits to a particular part of his claim the attaching creditor has the right to make an application of them which will be most advantageous to him: Smith v. Brooke, 49 Pa. 147.  If, therefore, any part of the judgment attached is not covered by the terms "wages" or "salary" the credits could be first appropriated to the discharge of the indebtedness which represented wages or salary. . That a part of the claim of Gibson v. Campbell & Butler was on an account not based on the labor of the former is disclosed by the statement of claim filed in the action and appears in the opinion of the Supreme Court in Gibson v. Campbell & Butler, 242 Pa. 551, in which the facts of that case were recited by Justice MESTREZAT.  On the face of the record a part of the plaintiff's account for work was done by a team and driver employed by Gibson and apparently included a charge for board of this teamster.   Under the construction which the Act of 1845 has received a claim of this character can not be regarded as "wages" of a laborer or "salary."   The question arose in Heebner v. Chave, 5 Pa. 115.   In that case the plaintiff had a contract with the Borough of Norristown for grading a street at an agreed price per cubic yard.   He used two carts, two or three horses and enough of hands

with himself to prosecute the work. A part of the amount due under the contract was attached by one of Chave's debtors and a claim of exemption was made under the Act of 1845. It was there held that the intention of the legislature was "to secure to the manual laborer by profession and occupation the fruits of his own work for the subsistence of himself and family" and that it should not be extended to include the wages of others employed by the defendant in an attachment execution. The view of the court was thus expressed by Justice COULTER: "We believe that by confining the exemption from attachment to the actual reward or wages earned by the hands and labor of the individual himself and his family under his direction we best accomplish the beneficent design of the legislature without too largely entrenching upon the rights of creditors." Penna. Coal Co. v. Costello, 33 Pa. 241, holds in effect that to entitle a claimant to exemption under the statute the fund must have been the product of his own labor. In Smith v. Brook, 49 Pa. 147, the cases above cited were said to have defined the wages of laborers to be the earnings of the laborer by his personal manual toil and not the profits which as a creditor he would derive from the labor of others, and this construction of the statute was affirmed. Carey v. Lameroux, 22 Pa. Superior Ct. 560, reviews the authorities relating to exemption of wages and holds that they relate to the personal services of the claimant. If it be conceded that the amount to be paid to Gibson for his services with his team $100 per month, is the wages of a laborer we think it is the settled law of this State that compensation to which he may have been entitled for work done by a teamster employed by him and a team owned by him and reimbursement for the board of such a teamster is not a claim of such character as to bring it within the description of the wages of a laborer or salary in private employment and therefore exempt from liability to attachment.

The judgment is reversed with a new venire.