McCracken, Appellant, *v.* Slemmer et al.

Argued September 29, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Gerald F. Flood* of *Clark, Clark, McCarthy & Wagner,* for appellant.

*John Kennedy Ewing, 3d* of *Saul, Ewing, Remick & Saul,* for appellees.

OPINION BY CUNNINGHAM, J., February 1, 1934:

Appellant was plaintiff below and there asserted as his cause of action that the sum of $65 was due him as one week's wages for services rendered as a musician in a restaurant when the defendants, constables employed to execute a landlord's distress warrant, levied upon the property therein; that he gave them written notice of his claim, (as required by the Act of April 9, 1872, P. L. 47; 43 PS §221, 222) prior to the sale, but they refused to pay him out of the proceeds the amount justly and legally due.

Neither the pleadings nor the circumstances and results of the sale need be detailed; at the trial before GLASS, J., sitting without a jury, the parties agreed in writing upon the facts. If plaintiff is entitled to recover, his judgment should be for $43.78, with interest from June 10, 1930; the court below found for the defendants, and this appeal followed.

The defenses were: (a) The facts with respect to appellant's employment and services do not bring him within the protection of the legislation invoked; and (b) even if they did, the notice was insufficient. If appellant is not included in one of the classes specified in the act or its amendments, the character of his notice to defendants is immaterial.

Upon the primary question, these controlling facts appear from the agreement of the parties: On September 18, 1929, Golden Dragon Restaurant, Inc., the lessee of a restaurant at No. 1526 Market Street, Philadelphia, acting through its agent, entered into a

contract* (quoted below) with Art Coogan to furnish nine musicians, including appellant, at a total weekly wage of $640, of which appellant's share would be $65.

During its term defendants levied upon all the property on the premises for rent in arrear; at the date of the levy one week's wages was due appellant.

Is a musician in an orchestra employed by the proprietor of a restaurant to play for the entertainment of its patrons entitled to the preference conferred upon certain employes by the Act of April 9, 1872, P. L. 47, as amended and extended by the Acts of June 13, 1883, P. L. 116, and of May 12, 1891, P. L. 54? For the purposes of this appeal, we shall consider appellant as having been employed, through Coogan, by the tenant whose property was sold.

The general purpose of the legislation is "the better protection of the wages" of such employed persons as are therein specified. Musicians, as such, are not one of the classes expressly enumerated. The principles by which we are to be guided in determining whether appellant is within the intendment of this legislation are well established.

These acts secure to certain claimants rights which are denied other suitors; they confer special favors and, therefore, are to be strictly construed; he who claims the benefit of class legislation must bring himself within its provisions: Hall's Estate, 148 Pa. 121, 124, 23 A. 992; Carey v. Lameroux, 22 Pa. Superior Ct. 560.

The only specific reference in the act to employes in restaurants reads: "All moneys that may be due

---

*"The party of the first part hereby agrees to furnish nine musicians, members of Local Union No. 77, of the American Federation of Musicians, as their agent, to the party of the second part for the sum of $640 being wages for services rendered by Art Coogan and his orchestra at the Golden Dragon Restaurant, 1526 Market St., Phila., Pa. Hours—3 sessions daily, 6 hours daily. Engagement to start Monday, September 23, 1929. This contract shall be for one year."

...... for labor and services rendered by any ......
servant girl at hotels, boarding houses, restaurants or
in private families, or any other servant and helper in
and about said houses of entertainment and private
families."

We think the contract of employment in this case
excludes, by its terms, the legal conception of the re-
lationship of master and servant, viz., that a servant
is one employed to render personal services to his em-
ployer, otherwise than in the pursuit of an independ-
ent calling, and in such service remains so entirely
under the control and direction of the employer that
the latter has the right to select and discharge the
servant and to direct both what work shall be done
and the manner in which it shall be performed. See
McColligan v. P. R. R. Co., 214 Pa. 229, 232, 63 A. 792.

In holding that traveling salesmen are not included
in the act Chief Justice FELL remarked in Mulholland
v. Wood, Brown & Co., 166 Pa. 486, 31 A. 248: "Each
successive act enlarges the number of persons intended
to be benefited. The first act included but four classes,
the second twenty-three, and the third twenty-five
...... If it was the intention to extend to [traveling
salesmen] the preference given by the act, it is to be
presumed that they would have been included with the
classes of persons named."

These observations are equally applicable to the
case at bar. In our opinion, this case was correctly
disposed of by the court below and the assignment of
error to the judgment there entered for the defend-
ants must be overruled.

Judgment affirmed.