# McCarthy *v.* Dunlevy-Franklin Co. and (Liberty Mutual Ins. Co., Appellant).

*Workmen's compensation — Traveling salesmen—Sales on commission—Sales for others—Control of employee—Course of employment—Employee—Servant — Words, etc. — Commission broker — Acts June 2, 1915, P. L. 736, and June 26, 1919, P. L. 642.*

1. Where a traveling salesman, employed to sell goods on commission and to make collections, and subject in a general way to the direction of his employer, is injured in an automobile accident while traveling from one store at which he had sold goods of his employer to another store where he intended to sell such goods, he is an employee injured in the course of his employment within the meaning of the Workmen's Compensation Act, and as such entitled to compensation for his injuries.

2. The fact that he had the privilege of selling goods to others, and that he sold on commission, does not affect his right to compensation, as the Act of 1915, section 309, and Act of June 26, 1919, P. L. 642, 651, contemplate the possibility of such a situation.

3. While such salesman may not be a servant within the generally accepted legal meaning of the word, he is an "employee," according to the terms of article I, section 104, of the Act of June 2, 1915, P. L. 736, which that statute declares to be synonymous with servant.

4. Where a claimant, while receiving compensation for services, is so free of control by his employer as to occupy the position of an independent contractor, he is not entitled to compensation under the act.

5. A commission or general broker does not come within the act.

Argued April 18, 1923.  Appeal, No. 48, Jan. T., 1923, by Liberty Mutual Insurance Company, insurance carrier, from judgment of C. P. Huntingdon Co., affirming decision of Workmen's Compensation Board, in case of W. B. McCarthy v. Dunlevy-Franklin Company, and Liberty Mutual Insurance Co., insurance carrier.  Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Appeal from decision of Workmen's Compensation Board. Before BAILEY, P. J.

The opinion of the Supreme Court states the facts.

Decision affirmed. Liberty Mutual Insurance Co., insurance carrier, appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*P. K. Motheral,* with him *Reed, Smith, Shaw & Mc-Clay,* for appellant.—McCarthy was not an employee of the Dunlevy-Franklin Company: McColligan v. R. R., 214 Pa. 229; Simonton v. Morton, 275 Pa. 562.

*James S. Woods,* for appellee, cited: Callihan v. Montgomery, 272 Pa. 59.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, May 7, 1923:

On June 22, 1920, a compensation agreement was entered into between W. B. McCarthy, who had been hurt in an accident, and the Liberty Mutual Insurance Company, the latter acting as insurance carrier for the Dunlevy-Franklin Company, defendant in a claim made by the injured man; this agreement was filed with, and duly approved by, the Workmen's Compensation Board, all parties and officials acting on the assumption that McCarthy was an employee of defendant corporation. On March 1, 1922, the insurance company petitioned, in the name of defendant, for a review of the agreement, alleging it was based on a mistake of law, in that claimant never occupied the position of "employee," and McCarthy answered, denying this allegation; after hearing, the petition was dismissed by the referee, and an appeal was taken to the board, which granted a hearing de novo; subsequently that body dismissed the petition and the insurer appealed to the court below, which sustained

the decision of the compensation authorities; an appeal to this court by the insurance company followed.

The report of the Workmen's Compensation Board states that the agreement under attack was properly executed, and "there is no effort on the part of defendant to challenge the present physical condition of claimant due to the accident, but it is seeking to set aside the ...... agreement on the ground that, at the time of its execution, both parties were mistaken as to the legal responsibility of defendant under the facts" in the case, the contention, as previously stated, being that McCarthy was not an employee of defendant within the meaning of the Workmen's Compensation Law.

The board found that claimant was a traveling commission salesman, employed to sell defendant's products, with the privilege of carrying those of some other concerns; that, on the day of the accident, after claimant left a certain store at Markelsburg, where he had sold an order of cheese and bacon for defendant, he was struck by a train at a railroad crossing, while traveling in an automobile on his way to another town for the purpose of disposing of more of defendant's goods. Though McCarthy was permitted to sell side-line goods for two other firms, and sometimes exercised that privilege, he made no offer of the wares of others at the store in Markelsburg, nor was he there for that purpose. As stated by the board, the testimony excludes the possibility of the trip on which claimant was injured being for any purpose other than to serve his employer, the defendant. The territory through which he traveled had been assigned to him by defendant, and, at the time of the oral contract of employment, the latter knew the former would be obliged to travel from place to place in the course of his work.

The testimony shows that McCarthy had no established place of business, possessed no license as a commission broker, and was in no sense acting in that capacity; he was employed to sell defendant's meats and other

products, and, instead of paying him a salary, it agreed to compensate him on a commission basis, as was the case with three or four of its other salesmen. His employment was not only to sell goods but also to collect money; claimant remitted his entire collections to defendant and it sent him a check from time to time for his commissions.

Defendant company placed McCarthy under bond to insure his honesty and required him to report to it at the end of each day; once a week it sent him a trade letter of instructions with special directions to call on certain persons and not on others. Claimant stated that while he was under no strict orders as to his movements, yet he felt "bound" to carry out the requests of his employer.

Although facts appear in the testimony from which an ultimate conclusion different from that reached by the compensation authorities and the court below might result, and perhaps, even on the facts stated above, inferences different from some of those which brought about the present determination might be drawn, yet, since it cannot be held that the aforesaid inferences and conclusions are unwarranted, in the sense of being without any reasonable basis, we shall follow the usual rule and abide by them.

The mere fact that claimant sold for others,—as he did to a limited extent,—while working for defendant, would not deprive him of the benefits of the Workmen's Compensation Law, for the statute contemplates the possibility of such a situation (Act of June 2, 1915, P. L. 736, 745; article III, end of section 309, and Act of June 26, 1919, P. L. 642, 651); nor would payment of compensation by commissions, instead of by salary, have that effect, since, at the very beginning of section 309 of the compensation law, it is stated: "Wherever in this article the term 'wages' is used, it shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident," and the statute then goes on to

exclude certain forms of compensation, not, however, commissions paid for services rendered. No more does the definition of "employee," stated in section 104, article I, of the Act of 1915 (P. L. 736), exclude the present claimant. It is there provided that "the term 'employe', as used in this act, is declared to be synonymous with servant, and includes all natural persons who perform services for another for a valuable consideration, exclusive of persons whose employment is casual in character and not in the regular course of the business of the employer," followed by certain other exclusions irrelevant to this case. That McCarthy's employment was neither "casual in character" nor "not in the regular course of the business" of defendant is apparent (Callihan v. Montgomery, 272 Pa. 56), and that he performed services for defendant for a valuable consideration is equally apparent; but it is contended that he was not a servant within the generally accepted legal meaning of that term. The test, however, is, Was he an "employee" within the meaning of the act? And the fact that the above-quoted definition declares an employee to be synonymous with "servant" must be taken with its context, bearing in mind that the word "synonymous" means "expressing the same, or *nearly* the same, idea": Webster's New International Dictionary. Here the claimant was sufficiently under the control and direction of defendant to constitute him a servant within the purview of the act, which, of course, is a necessary prerequisite to the maintenance of his claim. For if he occupied the position of a worker for hire, who remained detached in order to use his labor and abilities as he might see fit, merely engaging himself casually to others (Callihan v. Montgomery, supra, 59), or, were he one who, while receiving compensation for services, was so free of control by his employer as to occupy the position of an independent contractor, he could not claim under the act (Simonton v. Morton, 275 Pa. 562, 570); and, of course, were claimant in the position of what is known as either

a commission or a general broker, he would not come within the act.

The assignments of error are overruled and the judgment of the court below is affirmed.