No. 14,515.

EQUITABLE LIFE INSURANCE COMPANY OF IOWA *v.*
INDUSTRIAL COMMISSION.
(95 P. [2d] 4)

Decided October 16, 1939.

Messrs. BANNISTER & BANNISTER, Mr. PHINEAS M.
HENRY, Mr. H. GAYLE WELLER, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. WALTER
F. SCHERER, Assistant, Mr. BERNARD E. TEETS, Special
Assistant, for defendant in error.

*En Banc.*

Mr. Justice Otto Bock delivered the opinion of the court.

The controversy before us is whether a life insurance company is required to make contributions under the Colorado Unemployment Compensation Act (S. L. '36, 3rd Ex. Sess., c. 2, '35 C. S. A., '37 Supp., c. 167A), as amended, with respect to compensation payable to general, district, special and soliciting agents. Judgment in favor of the Industrial Commission for contribution by defendant under the act was entered below, to reverse which the insurance company brings the cause here for review.

In the case of *Industrial Commission v. Northwestern Mutual Life Ins. Co.,* 103 Colo. 550, 88 P. (2d) 560, we had before us a similar situation, the facts being practically the same. As to these facts we are controlled by the law as stated in that case. No constitutional questions were there raised.

In the instant case the insurance company questions the validity of the application of the act to its agents under the due-process and equal-protection clauses of the Fourteenth Amendment of the federal Constitution. These constitutional questions are based solely upon the premise that these agents of the insurance company are independent contractors and bear no relation to the insurance company as servants, under the technical common-law rule of master and servant.

In *Industrial Commission v. Northwestern Mutual Life Ins. Co., supra,* we said (p. 564): "Counsel for the commission urge, and we think with some reason, that even if the test of coverage in this case is a technical relationship of master and servant, notwithstanding the legislative tests of 'employment' in section 19 (g) (5) of the statute, the company's agents are servants within that relationship and not independent contractors. Since it is our opinion that the activities of the company's agents are within the legislative definition of 'employ-

ment' as set out in section 19 (g) (5), it is unnecessary for us to make a determination of the master-and-servant issue."

■ Under section 19 (g) (5), c. 260, S. L. '37, of the Colorado Unemployment Compensation Act, the Industrial Commission determines the coverage under the act.

We said in *Industrial Commission v. Hammond,* 77 Colo. 414, 419, 236 Pac. 1006: "It is not always easy to determine when one performing labor for another is a servant and when a contractor. Each case must be decided upon its own facts and where these are in dispute the finding of the commission is final."

Under the facts in the instant case the Industrial Commission may reasonably have found that all of the agents of the company involved here, even under the common-law master-and-servant tests, could be held to be servants and not independent contractors within the meaning of the act. The contracts between the agents and the company provide that the agents shall comply with all general and special instructions issued by the company. The only freedom of action given an agent thereunder is that prior authorization to solicit a particular person is not required. The contracts may be terminated by the company at any time without liability on its part for damages for breach of contract. They call for the exclusive services of the agent or for a fixed portion of his time and efforts, for continuous employment, and not for a specific piece of work. The company determines who may assist in and who shall supervise the activities of the agent. It controls the agency offices. The contracts are not assignable by the agents, and call for their personal performance of services.

In view of these circumstances, it obviously is unnecessary to determine the constitutional questions raised.

The judgment is affirmed.

MR. JUSTICE BURKE specially concurring.

Because I believe this case is controlled by the North-western Mutual Life case cited in the court's opinion, I concur. I still think, however, that our decision in that case was wrong and that it should be overruled.