Opinion by
 

 Keller, P. J.,
 

 J. G. Leinbach Company, Inc., a corporation engaged in manufacturing clothing, etc., at Reading, Pennsylvania, has appealed from the decision of the Unemployment Compensation Board of Review holding that Roy Scheeline was entitled to unemployment compensation under the Act of December 5, 1936, P. L. (1937) 2897 and its amendments.
 

 The facts are concisely set forth in the decision of the board, in part, as follows: “The claimant, Roy Scheeline, worked for the J. G. Leinbach Company, Inc., (hereinafter referred to as the ‘Company’) from July 1, 1938 to on or about April 21, 1939, as a trouser salesman, on a straight commission basis. Certain territory was assigned to the claimant by the Company, but within said territory there were certain towns and cities which were covered by other salesmen. Prices were fixed by the Company and orders were taken subject to ap
 
 *239
 
 proval by the Company; samples, and a sample-case were furnished the claimant by the Company. The claimant used his own car to cover the territory and paid his own traveling and living expenses. Claimant was free to go where he pleased within the assigned territory, and was not under a duty to work each and every day. The claimant was permitted to draw expense money against commissions standing to his credit, and at the time of leaving [discharge, 42a] he had drawn $120 in excess of commissions earned. The claimant was paid a minimum of seven percent (7%) on all orders for regular merchandise accepted by the Company, and five percent (5%) on orders for merchandise sold at cut prices. The claimant’s employment could be terminated by the Company at any time. The Company employed 110 men in its factory on whom it paid unemployment contributions. It employed 22 salesmen on a commission basis, (of whom claimant was one) on whom it did not pay contributions, for the reason that it did not consider them to be employes.”
 

 His claim
 
 [1]
 
 to compensation was disputed by the Company on the ground that he was not an empHoye within the purview of the Act, but an independent contractor.
 

 The Department disapproved the claim, giving as the reason, “No record of wages.”
 

 On appeal by claimant from this decision, the referee affirmed the decision of the department, finding that his relation with the Company was that of an inde
 
 *240
 
 pendent contractor and that he earned no wages during his basic year.
 

 Claimant appealed to the board, which reversed the findings of fact of the referee, in so far as they differed from the facts above recited; found that claimant was employed by J. G. Leinbach Company as a trouser salesman on a commission basis from July 1, 1938 to on or about April 21, 1939; that his full-time weekly wage, on the basis of one-thirteenth of his total wages in the quarter in which his wages were highest during his base period, was $7.70. It accordingly vacated the conclusion of law and decision of the referee and substituted therefor the following:
 

 “conclusions op law
 

 1. The claimant, while employed as a salesman with the J. G. Leinbach Company, was engaged in employment subject to the Unemployment Compensation Law.
 

 2. The claimant’s earnings with the J. G. Leinbach Company were sufficient to entitle him to benefits under the Unemployment Compensation Law.
 

 DECISION
 

 The order of the Bureau is hereby reversed and compensation is accordingly awarded, subject to the claimant’s compliance with the eligibility requirements of the Unemployment Compensation Law.”
 

 The decision will be affirmed.
 

 The statute contains the following pertinent definitions :
 

 “Sec. 4. Definitions — The following words and phrases as used in this act, shall have the following meanings, unless the context clearly requires otherwise: ......
 

 (h) ‘Employe’ means every individual ...... who is performing or subsequent to January first, one thousand nine hundred and thirty-six, has performed services for an employer in an employment subject to this act.
 

 (i) ‘Employer’ means every — (1) individual, (2) co-
 
 *241
 
 partnership, (3) association, (4) corporation ...... (i) who or which employed or employs any employe (whether or not the same employe) in employment subject to this act for some portion of each of some twenty (20) days during the calendar year 1936, or any calendar year thereafter, each day being in a different week, or (n) who or which has elected to become fully subject to this act, and whose election remains in force ......
 

 (j) ‘Employment’ means all service performed for remuneration or under any contract of hire, express or implied, written or oral, (1) which is localized within this Commonwealth ...... Service shall be deemed to be localized within this Commonwealth if (a) the service is performed entirely within this Commonwealth, [claimant’s field was confined to Pennsylvania].......
 

 “An individual performing services for remuneration in an employment subject to this act shall be deemed to be performing such services for wages, unless and until it is shown to the satisfaction of the department that — (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) that such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (c) that such individual is customarily engaged in an independently established trade, occupation, profession or business.”
 

 The statute goes on to enumerate eight classes of labor or services which the word ‘employment’, as used in the Act, shall not include, as, for example, (1) agricultural labor, (2) domestic service in a private home, etc., none of which is here applicable.
 

 We have no hestitation in holding that a traveling salesman, in the circumstances set forth in this case,
 
 *242
 
 is an employee within the provisions of the act and not an independent contractor:
 
 Mulholland v. Wood, Brown & Co.,
 
 166 Pa. 486, 490, 31 A. 248. A traveling salesman, who is hired or engaged to go about showing samples, and taking orders for goods which he transmits to his firm, who pass upon the credit of the purchasers and ship or refuse to ship the goods in accordance with their decision and who receive the purchase money when and as paid, is generally regarded as an employee, and it is immaterial, in this respect, whether he is paid a salary or by commission
 
 (Hamberger v. Marcus,
 
 157 Pa. 133, 139, 27 A. 681), whether he is furnished transportation by his employer or pays his own expenses, and whether control over the performance of his services is actually
 
 exercised,
 
 if it has the right to do so,
 
 (Walters v. Kaufmann Dept. Store,
 
 334 Pa. 233, 235, 5 A. 2d 559) for in such case, he is not
 
 free
 
 from control or direction. There is nothing in the statutory definitions hereinbefore quoted which takes this claimant out of the general rule, for (1) he was not wholly free from control or direction in the performance of his services, (2) his service was not outside the usual course of the employer’s business— for all its 22 salesmen were so engaged — and (3) claimant was not engaged in an independently established trade, occupation or business. Our reports contain many cases where traveling salesmen, performing similar duties, were awarded workmen’s compensation, when injured in the course of their employment
 
 (Chase v. Emery Mfg. Co.,
 
 271 Pa. 265, 267, 113 A. 840;
 
 Beaver v. G. W. Boyd Co. et al.,
 
 106 Pa. Superior Ct. 24, 161 A. 900;
 
 Baumann v. Ehmke Co.,
 
 126 Pa. Superior Ct. 108, 190 A. 343;
 
 Green v. Hiestand Bros.,
 
 103 Pa. Superior Ct. 515, 157 A. 44;
 
 Lenhart v. Emmons & Co.,
 
 99 Pa. Superior Ct. 180;
 
 Cardiota v. Cunningham Piano Co.,
 
 87 Pa. Superior Ct. 458;
 
 Krapf v. Arthur,
 
 95 Pa. Superior Ct. 468, affirmed 297 Pa. 304, 146 A. 894;
 
 McCarthy v. Dunlevy-Franklin Co.,
 
 277 Pa. 467, 470,
 
 *243
 
 121 A. 409) ; and where, in such cases, compensation was refused it was not because they were not employees, but because the injury did not happen in the course of their employment
 
 (Paulin v. Williams & Co.,
 
 122 Pa. Superior Ct. 462, 186 A. 415;
 
 Titus v. S. E. Sostmann & Co.,
 
 133 Pa. Superior Ct. 201, 2 A. 2d 580;
 
 Knowles v. Parker Wylie Carpet Co.,
 
 129 Pa. Superior Ct. 257, 195 A. 445).
 

 Nor does it affect the fact of
 
 employment
 
 that the agent may have also carried a line of goods for another firm
 
 (Beaver v. G. W. Boyd Co.,
 
 supra, p. 27;
 
 McCarthy v. Dunlevy-Franklin Co.,
 
 supra, p. 470). In the last mentioned case, Chief Justice Moschzisker speaking for the Supreme Court differentiated such traveling- salesmen from commission brokers or general brokers.
 
 [2]
 
 They are thus distinguished from (1) real estate and insurance brokers or agents who get a commission on real estate sales or insurance contracts in which they have participated,
 
 [3]
 
 (2) newsboys who buy papers and resell them on their own account,
 
 [4]
 
 (3) lessees of instrumentalities which they operate, such as cabs,
 
 [5]
 
 and (4) Puller-brush salesmen and similar representatives, who purchase their supplies from the manufacturer and sell them to customers and are entitled to keep as their profit all they receive above the price paid by them.
 
 [6]
 

 We see no reason for discussing in detail the cases cited by the appellant and appellee respectively. Most of those relied on by the appellant are readily dis
 
 *244
 
 tinguishable on their facts from this case. There is nothing in them that persuades us to rule that this claimant in performing his duties as a traveling salesman for the J. G-. Leinbach Company, in the manner and circumstances above outlined, was not an employee of that firm within the purview of the Unemployment Compensation Law.
 

 One other matter remains to be considered. Appellant’s counsel contend that the provision in section 4(j) above quoted “that an individual performing services for remuneration......shall be deemed to be performing such services for wages,
 
 unless and until
 
 it is shown to the
 
 satisfaction of the department”
 
 etc., makes the department the
 
 final judge
 
 of the matters recited thereafter under (a) and (b) and(c), (conjointly), which take the individual or claimant out of the general rule. But they overlook section 502, which directs that on an appeal from the department’s decision, the “referee shall, after affording the parties reasonable opportunity for a fair hearing,
 
 affirm, modify or reverse such findings of fact
 
 and the decision of the department as to him shall appear just and proper.” And on appeal from the referee to the board, the board is given express power in section 504, to “review any claim decided by a referee, and to affirm, modify or reverse the decision of the
 
 department or referee
 
 on the basis of the evidence previously submitted in the case, or direct the taking of additional evidence.” And by section 510 it is provided that on appeal from the board to the Superior Court, the
 
 findings of the board, as to the facts,
 
 if supported by the evidence, and in the absence of fraud (see
 
 Kirby v. Unemployment Compensation Bd. of Review,
 
 145 Pa. Superior Ct. 397, 21 A. 2d 453) shall be
 
 conclusive,
 
 and in such cases the jurisdiction of the court shall be confined to questions of law.
 

 It is clear that by the express terms of the Act the findings of fact and the decision of the department,
 
 which are final unless appealed from,
 
 are,
 
 when ap
 
 
 *245
 

 pealed,
 
 subject to review by the board and if supported by the evidence, the
 
 board’s findings are
 
 conclusive— just as the Workmen’s Compensation Board is the ultimate fact finding body in workmen’s compensation cases.
 

 The assignments of error are overruled and the decision of the board is affirmed.
 

 [1]
 

 We must call attention to the unsatisfactory character of the papers sent up as part of this record. If blanks designed by the department or board are used, clerks assigned to the duty of assisting in their preparation should properly perform that duty and should see that the blanks are fully filled out and check marks or x’s inserted, evidencing the correct answer, where two, three, four or more possible replies are tentatively suggested. Neither the claim nor the employer’s report in this case furnishes the data which should have been presented.
 

 [2]
 

 See also,
 
 Hamberger v. Marcus,
 
 157 Pa. 133, 139, 27 A. 681.
 

 [3]
 

 Northwestern Mut. Life Ins. Co. v. Tone,
 
 4 A. 2d 640, 125 Conn. 183;
 
 Meyer v. Unemployment Comp. Comm. of Missouri
 
 (April 18, 1941, No. 1 September Term 1940).
 

 [4]
 

 Balinski v. Press Pub. Co.,
 
 118 Pa. Superior Ct. 89, 179 A. 897;
 
 Washington Recorder Publ. Co. v. Ernst,
 
 199 Wash. 176, 91 P. 2d 718.
 

 [5]
 

 McColligan v. Penna. R. R. Co.,
 
 214 Pa. 229, 232, 63 A. 792.
 

 [6]
 

 Fuller Brush Co. v. Utah Ind. Comm.,
 
 99 Utah 97, 104 P. 2d 201 (Utah). But see,
 
 Schomp v. Fuller Brush Co.,
 
 124 N. J. L, 487, 12 A. 2d 702.