No. 14,852.

BRANNAMAN ET AL. *v.* INTERNATIONAL SERVICE UNION ASSOCIATION.
(118 P. [2d] 457)

Decided October 20, 1941.

Mr. Byron G. Rogers, Attorney General, Mr. Elmer P. Cogburn, Assistant, for plaintiffs in error.

Mr. Otto Friedrichs, for defendant in error.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

Defendant in error, a mutual benefit association, brought this action March 22, 1940, to secure a refund of certain contributions which it had paid to the plaintiffs in error as ex officio officers and directors of the Unemployment Compensation Fund, based upon the following grounds as set forth in its complaint: 1. That its solicitors were insurance salesmen. 2. That its solicitors did not come within the definition set out in section 19 (g) (5) of the Colorado Unemployment Compensation Act, S.L. '37, c. 260 (1937 Supplement to '35 C.S.A., c. 167A). The trial court held that said solicitors were insurance agents, and that they were not within the provisions of section 19 (g) (5), supra, but that since the General Assembly specifically exempted "Services performed by an insurance agent or insurance solicitor, to the extent that he is compensated by commissions," there was no liability after the approval of the amendatory act, April 3, 1939. S.L. 1939, c. 171, §19 (g) (6) (h). Reversal is sought on a writ of error by plaintiffs in error who are represented by the attorney general. Defendants in error assign cross error on the ground that the trial court failed to hold that the

association's agents were not excluded from the operation of the act under said section 19 (g) (5).

■ 1. The attorney general states his position as follows: "The issue * * * can be condensed into one simple question: Is the business of a mutual benefit association 'insurance business' and are the soliciting agents of such association 'insurance agents' within the meaning" of the 1939 amendatory act? This question relates only to that portion of the trial court's judgment ordering a refund of the association's payments made after April 3, 1939. He argues, that following our decision in the case of *International Service Union Co. v. People, ex rel.,* 101 Colo. 1, 70 P. (2d) 431, in which we held that the contracts therein were contracts of insurance, the General Assembly passed the Mutual Benefit Association Act, chapter 198, Session Laws 1937, which provided, inter alia: "It shall be unlawful for any officer or agent to refer to any certificate issued by any company or association, incorporated or reincorporated hereunder as insurance, or refer in selling to the benefits as such" (p. 874, §22), and that, therefore, the association's solicitors, or agents, could not possibly be selling insurance. This conclusion does not necessarily follow, and in the situation before us, it does not follow. As above mentioned, we held in *International Co. v. People, ex rel., supra,* that the contracts sold by this association were insurance contracts. The attorney general does not suggest that there is any difference between the contracts now being sold and those sold before the adoption of the Mutual Benefit Association Act, chapter 198, Session Laws, 1937, and the above quotation from the act simply states that it shall be unlawful for any officer or agent to refer to such contracts as insurance contracts. It is nowhere stated in the act that the business carried on by a mutual benefit association is not insurance business, and we have declared that it was. Whether mutual benefit associations could legally sell insurance under the Mutual Benefit Association Act of 1937, supra, we

need not here decide, because the president of the plaintiff admitted that his association could do so. Under the circumstances we feel that the trial court was correct in considering the solicitors of the association to be insurance agents and ordering a refund of payments which were made subsequent to April 3, 1939.

2. Concerning the association's cross assignment of error based upon the holding of the trial court that its agents were subject to control and direction of the association, it seems to us that counsel is adopting an inconsistent position, in that in one breath he argues that the association's solicitors were insurance agents and so within the exception of the 1939 Act, while in the next breath he contends that even though they were insurance agents prior to April 3, 1939, they were not subject to the direction and control by the association, and hence not covered by section 19 (g) (5) of the act. We held in *Industrial Commission v. Northwestern Mutual Life Ins. Co.,* 103 Colo. 550, 88 P. (2d) 560, and in *Equitable Life Ins. Co. v. Industrial Commission,* 105 Colo. 144, 95 P. (2d) 4, that insurance agents were subject to the provisions of section 19 (g) (5), and that appears to be the principal point on which evidence was taken in the instant case. The president of the association in reply to the question, "Is there any difference, substantial difference between the duties of agents who sell mutual benefit certificates and the duties of agents who sell insurance policies of insurance companies?" stated, "There could be no difference because they are selling exactly the same thing." Duties are owed or performed in response to control or direction of some kind, and control by the association in this case is further indicated by the fact that periodical reports were required; exclusiveness of representation was demanded, i.e. agents could not sell for another mutual benefit company; agents could be dismissed without notice; no renewal commissions were allowed unless renewal was actually made by the agent; and agents were not per-

mitted to advertise the association's business without its consent. We think there was sufficient evidence of control to bring them within the doctrine of the two cases last cited.

In view of our conclusion, we deem it unnecessary to consider the suggested constitutional questions.

Judgment affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE HILLIARD concur in part and dissent in part.

MR. CHIEF JUSTICE FRANCIS E. BOUCK concurs in the conclusion.

MR. JUSTICE KNOUS concurring in part and dissenting in part.

Under the facts appearing of record, it is my conviction that during the period involved in this proceeding the soliciting agents of defendant in error at all times were "in employment" within the definition thereof contained in the Colorado Unemployment Act, because they had not been, nor would continue to be, free from the control and direction of defendant in error over the performance of their services, a prerequisite to exclusion from the act, by section 19 (g) (5) (a), chapter 167A Supplement 1935 C.S.A. thereof. Their inclusion under the act resulted from the element of control and direction exercised by the association over their conduct and not from the nature or character of the thing they were selling. This view is supported by the reasoning of *Industrial Commission v. Northwestern Mutual Life Ins. Co.*, 103 Colo. 550, 88 P. (2d) 560, and *Equitable Life Ins. Co. v. Industrial Commission,* 105 Colo. 144, 95 P. (2d) 4.

Further, I am of the opinion that at no time during the interval here under consideration were such employees either insurance agents or insurance solicitors, for the patent reason that during such period it was *unlawful* for any agent of a mutual benefit association

to so much as allude to a certificate issued by such "as insurance, or refer in selling to the benefits as such." Section 259, chapter 87, Supplement to 1935 C.S.A. (S.L. '37, p. 874, par. 22). Such statute, under which the defendant in error operated, was enacted after our decision in *International Service Union Co. v. People ex rel.*, 101 Colo. 1, 70 P. (2d) 431, notwithstanding which the majority of our court concludes from the opinion in the latter case that the certificates sold by the agents of defendant in error were in fact insurance policies and hence the vendors thereof were insurance agents. In this particular field it is elementary that the legislature had the right to substitute its definition for that previously announced by the court, and after the legislative pronouncement the judicial definition was no longer controlling or available to contravene the express legislative declaration. Thus, since the agents and solicitors of defendant in error could not lawfully have been soliciting or selling insurance during any of the years here involved, they were not exempted from the operation of the Colorado Unemployment Compensation Act by reason of the 1939 amendatory enactment exempting "services performed by an insurance agent or insurance solicitor, to the extent that he is compensated by a commission." S.L. 1939, chapter 171, §19 (g) (6) (h). Nor, it seems certain to me, can the self-serving declaration of the president of defendant in error, to the effect that the agents were vending "insurance," be accepted as overcoming the effect of the statutory inhibitions upon their activities.

For the reasons assigned I concur in the affirmance of so much of the judgment of the district court as holds that the soliciting agents of defendant in error were in employment under the Unemployment Compensation Act, but dissent from the majority opinion in so far as it exempts them from its operation.

MR. JUSTICE HILLIARD concurs in this opinion.