American Writing Machine Co., Appellant, *v.*
Unemployment Compensation Board of Review.

Argued December 11, 1941.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and
KENWORTHEY, JJ.

*Samuel B. Fortenbaugh, Jr.,* with him *Benjamin F.
Stahl, Jr.,* and *Shields, Clark, Brown & McCown,* for
appellant.

*R. Carlyle Fee,* Assistant Special Deputy Attorney
General, with him *Charles R. Davis,* Special Deputy At-
torney General, and *Claude T. Reno,* Attorney General,
for appellee.

OPINION BY RHODES, J., March 11, 1942:
The Unemployment Compensation Board of Review
held that the American Writing Machine Company

was the employer of Alexander Levin, and that he was entitled to unemployment compensation. The company has appealed from the board's decision.

Appellant contends that Levin was an independent contractor. Levin delivered typewriters and office equipment for appellant during 1937, 1938, and 1939. He undertook this work under a written contract with appellant in which he was identified "not as an employee, but as an independent contractor." The contract provided that he purchase a new motorcycle and sidecar lettered with appellant's title; that for appellant's security he carry liability insurance in a stated amount against claims of third persons for personal injury or property damage because of his operation of the vehicle; that he work an average of eight hours per day, six days per week; that he deliver typewriters within a radius of fifty miles of Philadelphia; and that he receive compensation of $37.50 per week. The contract was to be in force for a year from March 8, 1937, but was terminable at any time by either party on sixty days' written notice.

Appellant terminated Levin's services on January 10, 1940. He then filed a claim for unemployment compensation with the Bureau of Employment and Unemployment Compensation (Department of Labor and Industry) on January 12th, and it was denied on the basis of appellant's report that he was an independent contractor. He appealed from this disallowance. The referee, after hearing his testimony, found as a fact that "claimant was employed as a driver by the American Writing Machine Company, a subject employer, of Philadelphia, Pa., from January of 1937 to January tenth, 1940, and was originally paid a weekly salary of $37.50, and was later reduced to $33 per week......" The referee sustained the appeal. The board deemed the relationship of master and servant to exist between the American Writing Machine Company, the appel-

lant here, and Alexander Levin, the claimant, and affirmed the referee and the bureau which, upon the record's being remanded, concluded that appellant was the employer of the claimant within the provisions of the act.

We shall not repeat what we said in *Palumbo v. Unemployment Compensation Board of Review*, 148 Pa. Superior Ct. 289, 25 A. 2d 80, as to the scope of review by this court in appeals from decisions of the board, and as to the effect of certain provisions of the Act of December 5, 1936, P. L. (1937) 2897, art. 1, §4, as amended, 43 PS §753, upon the relationship of two parties where one renders services to the other, the legal character of which is disputed. What we said there is applicable to this case.

We have no doubt that claimant was appellant's employee, within the provisions of the act, and that this relationship was established by the evidence.

There was no other contract between appellant and claimant than the one promising him payment of $37.50 per week, which was reduced to $33 some time in 1938. He was told to report at 8:45 A.M. when appellant's other personnel reported; his lunch hour was between 12 M. and 1 P.M., or between 1. P.M. and 2. P.M., depending upon the work. He was told that if deliveries were required between 12 M. and 1 P.M. he would have to make them. Nominally he was free to handle business for other persons, but was actually told he could not lose time on deliveries for others. He collected money due appellant, and was instructed to account for it as soon as possible.

Appellant offered in evidence (1) the written contract; (2) a certificate executed by claimant accepting responsibility as an independent contractor for all payments under federal, state, and local laws relative to unemployment compensation, insurance, or old age retirement benefits; and (3) a fidelity bond covering the discharge of his duties as an individual, executed by

him as principal, as distinguished from a blanket form covering all appellant's acknowledged employees.

We think the control embodied in these circumstances of claimant's work for appellant clearly justifies the determination that he was its employee. *Healey v. Carey, Baxter & Kennedy, Inc., et al.,* 144 Pa. Superior Ct. 500, 504, 19 A. 2d 852. The hours of his working day were, in many respects, at the complete disposal of appellant. Apparently his compensation was also, since it was arbitrarily reduced by appellant. It is most significant that the term of his services was likewise subject to appellant's will. The original contract, providing a term of one year but reserving the right to terminate on sixty days' written notice, was illusory. If appellant intended to distinguish claimant's services from those of its ordinary employees, it would seem that an express renewal of the term of the contract would not have been neglected. We think the record as it stands strongly suggests that the original formality of the dealings between claimant and appellant did not last very long; and there is no factual basis to support a contractor-contractee relationship. The record is silent even as to observance by appellant of the contractual requirement of sixty days' written notice of termination of claimant's services.

The courts of other jurisdictions, in actions to determine under unemployment compensation laws the legal character of services rendered, have considered the absolute right of the recipient to terminate them as tending to constitute the person rendering the services an employee. In *Equitable Life Insurance Co. of Iowa v. Industrial Commission,* 105 Colo. 144, 95 P. 2d 4, the general, district, special, and soliciting agents of a life insurance company were held to be subject to the provisions of the unemployment compensation act for the reason, among others, that their contracts called for exclusive services or for a fixed portion of their time and effort, in a continuous employment terminable by

the company at any time without liability. In *Industrial Commission v. Northwestern Mutual Life Insurance Co.,* 103 Colo. 550, 88 P. 2d 560, similar agents of another life insurance company were held to be its employees, and, of a provision in their contracts permitting termination without liability on thirty days' notice, the court said (88 P. 2d 560, at page 564) : "The power to terminate a contract for personal service at any time without liability is an important factor in arriving at a conclusion as to whether the individual is free of control and direction, 'because the right immediately to discharge involves the right of control.' *Industrial Comm. v. Bonfils,* 78 Colo. 306, 308, 241 P. 735, 736." *Jack and Jill, Inc., v. Tone,* 126 Conn. 114, 9 A. 2d 497, is a case relating to the application of the unemployment compensation law of Connecticut to drivers of trucks used for neighborhood retail sales of ice cream. The plaintiff was assessed for additional contributions on twenty-eight drivers of trucks which it owned, which were similarly decorated, and which were operated in neighborhood routes established by the plaintiff. It executed contracts with its drivers describing them as purchasers, and describing the routes and trucks as loaned. It sold these men ice cream at fixed prices below a fixed and published retail price. The drivers bought the gasoline and oil, agreed to sell the plaintiff's products exclusively, and agreed to be liable for injury done the person or property of others, etc. The plaintiff repurchased unsold merchandise daily. The drivers were subject at all times to inspection for cleanliness, and to dismissal for failure to discharge the duties of their position. In practice, the plaintiff set the hours of service of the drivers, and required a one-half hourly report of each driver to its manager. The contract required that the driver deliver up the truck, his list of customers, and his route at any time on demand. The court held that the assessment against the plaintiff was properly made, and said (9 A. 2d 497, at page 499) :

"Under its agreement, the plaintiff had the right to take away the truck and route from the so-called 'purchaser' at any time or any place. The retention of 'the right of discharge is one of the strong indications that the relation was one of employment ......' "

Under workmen's compensation statutes corresponding determinations of the nature of particular services have been made. In *Glielmi v. Netherland Dairy Co., Inc., et al.,* 254 N. Y. 60, 171 N. E. 906, at page 907, the Court of Appeals of New York, in an opinion by CARDOZO, C. J., said: "If he does anything at variance with the will of his employer, its policy or preference, he knows that his contract of employment may be ended overnight." In *Burchett v. Department of Labor & Industries,* 146 Wash. 85, 261 P. 802, at page 803, the Supreme Court of Washington quoted 14 Ruling Case Law p. 72, as follows: "The power of an employer to terminate the employment at any time is incompatible with the full control of the work which is usually enjoyed by an independent contractor, and hence is considered as a strong circumstance tending to show the subserviency of the employee."

See, also, *Wilson v. Times Printing Co. et al.,* 158 Wash. 95, 290 P. 691.

The reasoning for which these decisions stand was apparently rejected in one case which has been brought to our attention, that of *Texas Co. v. Higgins,* 2 Cir., 118 F. 2d 636. In that case recovery of contributions under the social security laws of the United States was sought on the compensation paid an operator and owner of a bulk distributing system of petroleum products. The station was operated under a consignment contract with the plaintiff. The contract provided that petroleum products be consigned; that the consignee bear all expense of operation of the station; that he remit his collections daily; and that he receive commissions on sales of the goods consigned. He employed four assistants at salaries which he fixed, he owned the

trucks, and he was not responsible for customers' accounts except by the amount he exceeded the plaintiff's credit limits. The plaintiff issued instructions on the operation of the station, but these were in manual form and were phrased as suggestions or recommendations. The contract was terminable on five days' notice. The court concluded that the consignor's power to terminate the contract on notice was not a measure of actual control since it might or might not be effective to force the consignee to accept new conditions in his dealing with the consignor. When we consider the independence of that consignee from control by the consignor in every particular other than exercise of the power to terminate the contract, it is evident that the court's refusal to apply the principle illustrated in those cases to which we have referred in no way impairs the force or correctness of that principle in a proper case. "Each case involving the question whether one is an employe or an independent contractor depends largely upon its own particular facts, and must be decided with reference to the amount of control exercised over the performance of the work, etc., in question": *Shields v. William Freihofer Baking Co.,* 147 Pa. Superior Ct. 455, at page 460, 24 A. 2d 54, at page 56. Specific circumstances determine whether there is a general employment or an independent contractorship. The circumstances common to both *Texas Co. v. Higgins,* supra, and the present case are so few that it cannot be said that there is any resemblance between them. Other authorities[1] cited by appellant are distinguishable for the same reason.

In *Shields v. William Freihofer Baking Co.,* supra, a workmen's compensation case, there was a written agree-

---

[1] *Indian Refining Co. v. Dallman,* 31 F. Supp. 455; *Barnes et al. v. Indian Refining Co. et al.,* 280 Ky. 811, 134 S. W. 2d 620; *Jones v. Standerfer et al.,* 296 Ill. App. 145, 15 N. E. 2d 924; *Fidel Association of New York, Inc., v. Miller,* 259 App. Div. 486, 20 N. Y. S. 2d 381.

ment wherein the claimant· was designated as a· "distributor." . Nevertheless, we held on the facts established in that case that the claimant was the employee of defendant.

In *J. G. Leinbach Co., Inc., v. Unemployment Compensation Board of Review,* 146 Pa. Superior Ct. 237, 22 A. 2d 57, we held that a traveling salesman selling on a commission basis within a certain territory at fixed prices was an employee and not an independent contractor. There the claimant would appear to have been subject to less control and to have possessed more liberty in the discharge of the duties of his position than the claimant in the case before us. In that case the claimant was on a straight commission basis, free to come and go as he pleased within the assigned territory, and he was not under a duty to work every day. We said in an opinion by President Judge KELLER (146 Pa. Superior Ct. 237, at page 241, 22 A. 2d 57, at page 59) that: "We have no hesitation in holding that a traveling salesman, in the circumstances set forth in this case, is an employee within the provisions of the act and not an independent contractor."

It seems to us that the general effect of the contract between the claimant and appellant in the present case is well characterized by the language of Judge CARDOZO in *Glielmi v. Netherland Dairy Co., Inc., et al.,* supra, 254· N. Y. 60, 171 N. E. 906, at page 907: "The contract is adroitly framed to suggest a different relation, but the difference is a semblance only, or so the triers of the facts might find."

In *Industrial Commission v. Northwestern Mutual Life Insurance Co.,* supra, the contracts of the claimants also provided that their relation with the insurance company was not one of employer and employee, but the court there observed that what is done under a contract determines the relation rather than what the contract says.

The decision of the board is affirmed.