Superior Life, Health & Accident Insurance Co.,
Appellant, *v.* Unemployment Compensation
Board of Review.

Argued December 12, 1941.

Before KELLER, P. J.,
CUNNINGHAM, BALDRIGE, STADTFELD, RHODES, HIRT and
KENWORTHEY, JJ.

*Hugh McAnany,* for appellant.

*R. Carlyle Fee,* Assistant Special Deputy Attorney
General, with him *Charles R. Davis,* Special Deputy
Attorney General, and *Claude T. Reno,* Attorney General,
for appellee.

OPINION BY RHODES, J., March 11, 1942:

In this unemployment compensation case the Unemployment Compensation Board of Review held the claimant, William H. Brown, to be an employee of the Superior Life, Health, and Accident Insurance Company, and ordered the payment of benefits under the Act of December 5, 1936, P. L. (1937) 2897, as amended, 43 PS §751 et seq. The company has appealed from the

board's decision, and contends that claimant was an independent contractor. The Bureau of Employment and Unemployment Compensation disallowed the claim for lack of a wage record. On appeal testimony was presented before a referee who made findings of fact establishing a wage base. The board affirmed the referee's award of compensation and the bureau's determination of coverage.

Claimant went to work for appellant on or about October 3, 1938, and continued until August 3, 1939. His services were not covered by any written contract. He was assigned a "debit" or list of policyholders, and was paid commissions on collections of premiums from these persons, and also on new insurance policies solicited by himself. Appellant's superintendent assisted him in soliciting new business, and exercised supervision over claimant and other solicitors. Appellant's vice-president testified: "Q. Mr. Stenz, did you have direct supervision over Mr. Brown at all times? A. Well, Mr. Fowler, the superintendent, had direct supervision. Of course, Fowler is accountable to me for the conduct of the agents, the supervision of the agents."

Claimant was required to report to appellant's office one morning each week to remit his collections and attend to new business. He was permitted to sell fire insurance policies for the Home Fire Insurance Company under a working agreement between the two companies; and he held agent's licenses for these two companies from the Insurance Department. The license issued in the name of appellant covered the sale of life, health, and accident insurance; the license in the name of the Home Fire Insurance Company covered fire insurance only. Claimant did not have a broker's license. Mr. Stenz, appellant's vice-president, also testified that claimant was free to sell anything else as a sideline as long as it developed no interference with his duties to appellant, and did not prevent a satisfactory increase in new business written by him. Claimant's dismissal

by appellant was caused by the number of complaints made against him for failing to call on policyholders to make premium collections. The "debit" to which we have referred, and to which claimant was assigned, was a group of holders of policies solicited by previous agents. In his work claimant used a collection book, receipt books, application forms, account forms, advertising material, and a rate manual furnished by appellant. He was given instructions both as to the regulations of the Insurance Department and as to the rules of appellant company. He was required to make a detailed report weekly of his premium commissions. The agreement between the parties was subject to termination by either on notice to the other.

The board embodied in specific findings of fact the basic circumstances indicating appellant's substantial control over claimant's activities on its behalf. The first finding of fact which directly relates to control, and which is printed in the margin,[1] is supported by sufficient substantial evidence, and is therefore conclusive upon us. Act of December 5, 1936, P. L. (1937) 2897, art. 5, §510, 43 P·S §830. We are of opinion that the board was justified in determining that claimant

---

[1] "The claimant was subject to control by the employer company over the performance of his work in the following respects: The claimant was required to report to the company once a week and to turn in all new applications; he was required to turn over payments made on insurance policies, less his commissions, and record all lapses of policies; the company furnished the claimant with report forms, advertising material, order blanks and price lists which the claimant was required to use in his work for the company; the company required the claimant to make collections and keep books of accounts; the claimant was required to call on certain individuals who had contracted for insurance; the company superintendent had direct supervision over the claimant's work and the claimant was required to follow certain initial instructions; the company retained the right to discharge the claimant and in fact did so because the claimant failed to carry out the company's instructions."

was entitled to compensation with reference to earnings produced under the circumstances which we have summarized. The relation of the parties was one of general employment rather than independent contractorship. *Palumbo v. Unemployment Compensation Board of Review,* 148 Pa. Superior Ct. 289, 25 A. 2d 80; *American Writing Machine Co. v. Unemployment Compensation Board of Review,* 148 Pa. Superior Ct. 299, 25 A. 2d 85.

Authorities from other jurisdictions accord with the view here taken of claimant's capacity in appellant's organization. *Unemployment Compensation Commission of North Carolina v. Jefferson Standard Life Insurance Co.,* 215 N. C. 479, 2 S. E. 2d 584; *Unemployment Compensation Commission v. National Life Insurance Co.,* 219 N. C. 576, 14 S. E. 2d 689; *Life and Casualty Insurance Co. of Tennessee v. Unemployment Compensation Commission of Virginia,* 178 Va. 46, 16 S. E. 2d 357; *Industrial Commission v. Northwestern Mutual Life Insurance Co.,* 103 Colo. 550, 88 P. 2d 560; *Equitable Life Insurance Co. of Iowa v. Industrial Commission,* 105 Colo. 144, 95 P. 2d 4.

Appellant cites, in support of its contention, the case of *J. G. Leinbach Co., Inc., v. Unemployment Compensation Board of Review,* 146 Pa. Superior Ct. 237, 22 A. 2d 57. The mere reference therein to a distinction between traveling salesmen and "real estate and insurance brokers or agents who get a commission on real estate sales or insurance contracts" cannot be interpreted as determining the character of claimant's services in the case before us. The precise nature of a relationship can be determined only by a consideration of all the circumstances; and the broad distinction drawn in the Leinbach case did not include any detailed examination of the circumstances of employment of insurance agents. The reference was to brokers or agents in business for themselves rather than persons regularly in the service of an insurance company.

We find no merit in appellant's argument that as claimant was obliged to obtain a license and submit evidence of good business reputation and worthiness before the same was issued he was not an employee but independently established. The fact that an insurance agent is obliged to obtain a license makes him no more an independent contractor than any other person who must obtain a license or certificate before he may legally perform certain duties. For example, barbers, beauticians, chauffeurs, etc.

The control exercised by appellant over the discharge of claimant's duties was sufficient either to render claimant an employee in the generally accepted understanding of the term, or under the definitive term of clause (a) of section 4 (j) of the act, 43 PS §753. Therefore, any interpretation of the restrictions set forth in clauses (b) and (c) of that section is unnecessary.

The decision of the board is affirmed.