Blum Unemployment Compensation Case.
Jones, Appellant, *v.* Unemployment Compensation
Board of Review.

272

Argued April 13, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

reargument refused August 17, 1948.

*Karl D. Enzian,* with him *Rahauser, Van der Voort, Royston & Robb,* for appellant.

*Roland M. Morgan,* with him *Richard H. Wagner, William L. Hammond,* Special Deputy Attorney General, and *T. McKeen Chidsey,* Attorney General, for appellee.

OPINION BY RHODES, P. J., July 23, 1948:

The claimant in this unemployment compensation case worked for appellant from June 16, 1944, to June 2, 1947, as a collector of periodical subscription pay-

ments. The bureau denied benefits to claimant on the ground that he was financially ineligible to receive compensation under section 401 (a) of the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, as amended by the Act of May 29, 1945, P. L. 1145, §8, 43 PS §801. The referee affirmed the decision of the bureau, having found that appellant exercised no control over claimant's time or activities, and that his only compensation was by way of commissions for services rendered. On appeal to the Unemployment Compensation Board of Review, the board substituted its own findings of fact for certain findings of the referee, reversed the decision of the referee, and allowed compensation. The board found that claimant was compensated by retention of 20 per cent on all moneys collected for appellant, and by payment of 10 cents for each account verified; that appellant did in fact control the performance of claimant's duties by giving him instructions as to the persons from whom he should collect, the amount to be collected, and as to how and when reports should be submitted, and by directing him from time to time to ascertain the location of particular accounts, to verify the receipt of the publications by the subscribers, and to call upon subscribers to adjust complaints; and that claimant devoted all his time to his work and was actually dependent for his livelihood upon his association with and remuneration from appellant. The board also found that claimant received sufficient remuneration during his base year to meet the test of eligibility under sections 401 (a) and 404. The board concluded that claimant's services constituted employment as defined under section 4 (*l*), (1) (2) (B) of the Unemployment Compensation Law, as amended, 43 PS §753, as claimant was not "free from control or direction over the performance of such services" regardless of whether the control referred to be general control or control over the method and means of performance, and as he was not "customarily engaged

in an independently established trade, occupation, profession or business." This appeal was then taken by the claimed employer.

Appellant's contention is that claimant's services were performed under such conditions as to make him an independent contractor, and that the conclusions of the board are not supported by any competent evidence.

On appeal it is the function of this Court to determine whether or not the evidence is sufficient to support the findings and conclusions of the board, as the board's findings of fact, if supported by the evidence and in the absence of fraud, are conclusive, and in such cases the jurisdiction of the Court is confined to questions of law. *Palumbo v. Unemployment Compensation Board of Review,* 148 Pa. Superior Ct. 289, 292, 25 A. 2d 80; *MacFarland v. Unemployment Compensation Board of Review,* 158 Pa. Superior Ct. 418, 420 45 A. 2d 423; Act of December 5, 1936, P. L. (1937) 2897, Art. V, §510, 43 PS §830.

The relevant portions of section 4 of the Unemployment Compensation Law, as amended, 43 PS §753, are the following:

"(i) 'Employe' means every individual, whether male, female, citizen, alien or minor, who is performing or subsequent to January first, one thousand nine hundred thirty-six, has performed services for an employer in an employment subject to this act."

"(j) 'Employer' means every—(1) individual, (2) copartnership, (3) association, (4) corporation . . . (I) who or which employed or employs any employe (whether or not the same employe) in employment subject to this act for some portion of each of some twenty (20) days, each day being in a different calendar week, during the calendar year one thousand nine hundred thirty-six, or during any calendar year thereafter, to and including the calendar year one thousand nine hundred and forty-four, or who or which employed or employs any employe in employment subject to this act for some

portion of a day during the calendar year one thousand nine hundred and forty-five or for some portion of a day during any calendar year thereafter, . . ."

"(l) . . . (2) The term 'Employment' shall include an individual's entire service performed within or both within and without this Commonwealth, if— . . . (B) . . . An individual performing services for remuneration in an employment subject to this act shall be deemed to be performing such services for wages, unless and until it is shown to the satisfaction of the department that— (a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) that such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and (c) that such individual is customarily engaged in an independently established trade, occupation, profession or business."

"(x) 'Wages' means all remuneration for employment, (including the cash value of mediums of payment other than cash) . . .," with certain exceptions as enumerated in the Act which are not here involved.

Appellant asserts that no right was reserved to control the manner and method of performance of appellant's work, that no control existed or was exercised, and that the relationship was therefore that of an independent contractor.

We are of the opinion that the only question presented for our determination is whether the evidence is sufficient to support the board's findings which placed claimant within the coverage of the Act.

The issue raised is a narrow one and relates primarily to the question of control, and there is no doubt in our minds from an examination of the record that the evidence was sufficient to establish that appellant exercised a very definite control and direction over the performance

of such services as claimant rendered to appellant; and that claimant was an employee and not an independent contractor. It has been said that the master and servant, or employer and employee, relationship exists where the employer has the right to select the employee, the power to remove and discharge him, and the right to direct what work shall be done, and the way and manner in which it shall be done. *McColligan v. Pennsylvania Railroad Co.*, 214 Pa. 229, 232, 63 A. 792; *Walters v. Kaufmann Department Stores, Inc.*, 334 Pa. 233, 235, 5 A. 2d 559. The method of payment is not a determining factor in establishing the relationship of the parties. See *Sechrist v. Kurtz Brothers et al.*, 147 Pa. Superior Ct. 214, 219, 24 A. 2d 128. But the power of an employer to terminate the employment at any time is incompatible with the full control of the work which is usually enjoyed by an independent contractor, and hence is considered as a strong circumstance tending to show the subserviency of the employee. *American Writing Machine Co. v. Unemployment Compensation Board of Review*, 148 Pa. Superior Ct. 299, 304, 25 A. 2d 85.

Appellant terminated claimant's services on June 2, 1947. He had worked for appellant continuously from June 16, 1944, and his duties consisted largely of collecting money due on accounts, for which he received a 20 per cent commission. A secondary source of revenue was from a verification of accounts which appellant had with various individuals. The presence and the extent of supervision and control over the manner in which claimant performed his work for appellant are clearly established, and they are inconsistent with the relationship of independent contractor. Appellant acted on an absolute right to terminate claimant's services at any time, and his services were terminated on five days' notice. The subserviency of claimant is obvious from the many exhibits offered by claimant and admitted in evidence. It suffices to quote from a few of them. On October 27, 1944, claimant received from appellant the

following instructions: "Enclosed herewith you will find the contracts for West Newton. I will appreciate it if you will make the collections there Monday and Tuesday. In case you cannot make the collections, bring the contracts to the office Monday morning without fail. The man who was going to make the West Newton collections had to make collections in another town for me." Again, on November 14, 1945, he was told: "Please be sure and call on this subscriber and endeavor to collect the amount that is due. In case the subscriber will only pay 50¢ each month, accept the 50¢ until the account is paid in full." On March 14, 1946, he received the following: "We note that you have not reported as many collections or as much money during the current month as you did last month at this time. This should not be, in view of the fact you have quite a few new accounts. . . . Call on this subscriber [Mrs. E. F. Clements] and in case you cannot collect the full amount tell the subscriber we will be satisfied with small monthly payments until the account is paid in full." On March 27, 1947, he was given the following instructions: "Please call on this subscriber [Mrs. Ann Borovick] immediately and collect the amount due. Also make out change of address on this." On February 15, 1946, he received the following from appellant: "We have instructed you to use the first and third columns on your report. It was necessary for us to make up separate reports for you today. We do not have the time to do your work. Please see that this is done properly in the future." On May 15, 1947, this appears: "From time to time we will send you new orders for verification. Such orders are to be verified within 48 hours if possible. At least we should have them back here in the office on the following Friday morning. Return all verifications Special Delivery, deduct the cost of postage from your collection report, or, if you will let us know the amount of postage when you send the verifications, we will include the amount in your check covering verifications."

Claimant was controlled in the discharge of his duties and was subject to the direction of appellant in the performance of his work. He was directed as to where he should work, and as to the rendition of his reports. The relationship was subject to termination at the will of appellant. Claimant (1) was not free from control or direction in the performance of his services; (2) his services were not outside the usual course of appellant's business; (3) he was not engaged in an independently established trade, occupation, profession, or business. The findings of fact of the board are supported by substantial evidence, and the board was warranted in concluding that claimant was in the "employment" of appellant within the meaning of the Unemployment Compensation Law, and therefore entitled to compensation.

This case is analogous to that of *Leinbach Co., Inc., v. Unemployment Compensation Board of Review,* 146 Pa. Superior Ct. 237, 22 A. 2d 57. In that case we held that a traveling salesman selling on a commission basis within a certain territory at fixed prices was an employee and not an independent contractor. He paid his own expenses. He was free to come and go as he pleased within the assigned territory, and he was not under duty to work every day. We held that he was entitled to unemployment compensation, and said (page 241 of 146 Pa. Superior Ct., page 59 of 22 A. 2d) : "We have no hesitation in holding that a traveling salesman, in the circumstances set forth in this case, is an employee within the provisions of the act and not an independent contractor."

Finally, it is to be remembered that the Unemployment Compensation Law is a remedial statute, and, excepting the sections imposing taxes, its provisions must be liberally and broadly construed so that its objectives may be completely achieved. *MacFarland v. Unemployment Compensation Board of Review,* supra, 158 Pa. Superior Ct. 418, 422, 45 A. 2d 423.

Decision is affirmed.